After argument in the Equity Court of Appeals that Court made the following order:
Wardlaw, Ch.
This Court recognizing fully the maxim, equitas sequitur legem, which indeed has become a statutory regulation by the Act of 1836, reorganizing the Courts of the State, finds embarrassment in determining whether the case of Stover vs. Duren, 3 Strob. 448, and others, which may have followed it, were intended to propound new doctrine as to presumptions of fact, and desires conference with the Law Court on this question.
It is ordered that this case be sent to the Court of Errors for the determination of the following question.
Whether or not under the pleadings and evidence in this case, including the answers, the bond of Caroline Thayer to Andrew E. Thayer, dated June 15, 1826, and the mortgage ox the same date, and the judgment rendered on the bond February 13, 1830, should be presumed to be satisfied, or in any way extinguished or discharged at the time of filing the bill August 10, 1857 ?
It is further ordered, that a message be sent to the Law Court inquiring on what day it would suit their convenience to meet us for the adjudication of this question.
Johnston and Dunkin, CC., concurred.
After argument in the Court of Errors, the case was withdrawn from that Court, and now the opinion of the Equity Court of Appeals was delivered by
*493 Johnston, Ch.
The question, whether the bond and judgment mentioned in the pleadings were subsisting and valid obligations, at the filing of the bill, was referred to the Court of Errors. But after argument and conference, it was deemed advisable to withdraw it. The whole case is, therefore, now before this Court, and we are to make such disposition of it as in our judgment is most proper.
One portion of the appeal raises the enquiry whether the Chancellor was right in holding that the personal representative of Mrs. Simons, the owner of the mortgage,tshould have been made a party. In our opinion the devise of the mortgaged premises carried with it, in equity, a right to the securities, consisting of the bond, judgment and mortgage, by which the title, legal or equitable, to the thing devised, is to be sustained; and that the executor of the devisor is a necessary party, inasmuch as his assent is requisite to the passing these securities to the devisee.- He is, also, a proper party to the question in the case, whether the mortgage and the securities on which it depends, were paid off and extinguished, or partially satisfied, before they came to the hands of the devisee.
We, therefore, approve the Chancellor’s opinion on this point; but we are not of opinion that, for the omission of this party, the bill should have been dismissed. In a case like this, where the plaintiff’s right is,prima facie good, the bill-should have been retained, and leave given to amend, on proper terms.
We are also of opinion that the personal representative of Mrs. Thayer, the mortgagor, should be brought before the Court, through whom, as a proper organ, to insist upon and establish any payments she, in her life time, or he, after her death, may have made. If there be, in fact, no such representative, the plaintiffs may proceed as they may be advised, in causing letters of administration to be granted, and then . making the party.
With respect to the question whether the bond and judg *494 ment were extinguished or still subsisting obligations at the filing of the bill, this Court prefers that those questions be determined at law, inasmuch as the instruments on which they arise are legal instruments, and the questions themselves purely legal questions; and it will direct an action at law, in which the defendants shall, and are hereby required to admit service of the writ as of the date of the filing of this bill, and to make up the pleadings, without objection, with reference to that time. This course is necessary to present the question existing in this case, truly to the law Court.
It is therefore ordered that the decree, so far as it dismisses the bill, be set aside; and that the plaintiffs, on the payment into Court, within three months from this date, of the costs which have heretofore accrued in this case, (and unless this payment is made, the defendants to be at liberty to move that the bill be dismissed,) be at liberty to amend their bill so as to make a party plaintiff of the personal representative of Mrs. Sarah R. Simons, and a party defendant of the personal representative of Mrs. Caroline S. Thayer 5 and that they have leave further to amend their bill by introducing into the prayer thereof a prayer for such further particular relief as they may be advised, and for general relief — the existing defendants being at liberty to answer said amendments, and the new defendant to answer the original bill and amendments.
And let the cause in the meantime be remanded to the Circuit Court, and when the pleadings aforesaid are made up, let the action at law as aforesaid, be instituted in Charleston District — the pleadings therein made up and set down in that Court for hearing. Any further proceeding in this cause, in the meantime, to be the subject of motion in the Circuit Court in Equity.
Dunion and Wardlaw, CC., concurred.

Decree modified.