## DIAL v. GARY AND TAPPAN.

1. A decree final on the issues having been rendered in a cause, the succeeding judge has no power to adjudicate any of the issues; he can only pass the administrative orders necessary to carry out such decree.
2. No question having been made in the pleadings or evidence as to the order in which the mortgaged property should be subjected to the payment of the mortgage debt, and no such point considered by the Circuit Judge in his decree of foreclosure, a succeeding judge, in his order directing a sale of the property, cannot adjudicate thereon.
3. Two parties, G. and T., indebted by note for $3,000, gave a mortgage on a town lot held jointly by them, reciting their indebtedness to be a joint penal bond to secure $2,000, and T. gave a mortgage on a town lot owned by him, reciting his indebtedness to be a penal bond to secure $1,000, but the real indebtedness was the note for $3,000, no such bonds being in existence—and this was the claim made in the complaint. *Held,* that under this mortgage the joint property was liable only for the payment of $2,000 and interest, and the lot of T. was liable only for the payment of $1,000 and interest.
4. *It seems* that a mortgage cannot be foreclosed for an amount exceeding the penalty of the bond secured thereby.
5. In action for foreclosure, can judgment be rendered for the full amount of the mortgage debt and leave be given to issue execution therefor, before sale has been made and deficiency reported?
6. The judgment of this court having been more comprehensive than was intended, a petition for rehearing was granted.

Before PRESSLEY, J., Richland, November, 1886.

The case is sufficiently stated in the opinion of this court for a full understanding of the points decided.

*Messrs. Clark & Muller*, for appellants, contended that Judge Pressley's duties were only administrative (17 *S. C.*, 339), and that he had misconstrued Judge Cothran's decree. Further, that plaintiff could not recover beyond the penalty of the bond. 10 *Rich. Eq.*, 149; *McMull. Eq.*, 105, 157, 198.

*Messrs. Lyles & Haynsworth*, contra.

July 13, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. The litigation between these parties

has been brought before this court upon several previous occasions, as appears in 14 *S. C. Rep.*, 573, 584; 20 *Id.*, 167, and 24 *Id.*, 572, to which reference may be had for a more full statement of the facts than it is deemed necessary to make on the present occasion.

Judge Cothran, by his decree of January 14, 1885, subsequently affirmed by this court, determined that the two mortgages—the one given by Gary and Tappan on the Gervais street property, nominally to secure the payment of a bond in the penal sum of $4,000, conditioned for the payment of $2,000, and the other given by Henry L. Tappan on the Blanding street property, nominally to secure the payment of a bond in the penal sum of $2,000, conditioned for the payment of $1,000—were both really given to secure the payment of the debt represented by the joint note of Gary and Tappan for three thousand dollars, but not having been furnished with the papers necessary for the purpose, he was unable to formulate a proper judgment in the case, and he therefore simply ordered and adjudged: "That the plaintiff herein have the relief demanded in his complaint, and that his counsel have leave to move before the Judge of the Fifth Circuit, or the judge in turn presiding for the County of Richland, for such formal judgment as may be necessary to effectuate this purpose."

Judge Pressley being the judge in turn presiding for the County of Richland, application was made to him for such formal judgment. Upon this application the parties raised the question, "whether the Gervais street property is bound by the mortgage thereon for the whole of the said three thousand dollar note, or whether it is bound for only two thousand of the same." Judge Pressley, after saying that: "On this question Judge Cothran has not specifically decreed. His decision is, that the mortgages on the Gervais street lot, and that on the Blanding street lot, were intended to secure said note," and after stating that, for certain reasons, which need not here be repeated, he understands Judge Cothran's decree to determine that the mortgages must be construed most favorably to the mortgagee, proceeds to decide as follows: "Considering, then, that the note in question was the joint note of the mortgagors, and that the Gervais street property was

their joint property, whilst the Blanding street lot was the sole property of H. L. Tappan, I am led to the conclusion that the Gervais street mortgage was intended to be the first security for the whole of said note, and that the other mortgage was intended to secure the deficiency, if any, not exceeding one thousand dollars."

But recognizing the fact that "there may be doubt whether this be the correct meaning of Judge Cothran's decree," and with a view to avoid further delay, he renders judgment in favor of the plaintiff, and against the defendants, for the sum of $5,171.42, the full amount of the three thousand dollar note, with leave to enter judgment and issue execution for the same forthwith. Then he renders judgment for the full amount of the second cause of action, as to which there was no contest, and orders that if the last mentioned amount be not paid by a day named that the Gervais street property be sold under the mortgage on it given to secure the payment of the second cause of action, subsequent to the mortgage first above referred to, and directs that the proceeds of the sale be applied in payment of the amount adjudged to be due on the second cause of action, together with the interest thereon and the costs of the case, and that the balance of the proceeds of the sale be held subject to the further order of the court.

From this judgment the defendants appeal upon the following grounds: 1. Because of error in holding that the mortgages must be construed most favorably to the mortgagee. 2. In holding that the Gervais street property was intended to be the first security for the entire debt. 3. In rendering judgment against the defendants for the entire amount of the three thousand dollar note, with leave to issue execution for the same forthwith.

It will be observed that Judge Pressley was simply called upon to render the formal judgment authorized by Judge Cothran's decree, or as he himself expresses it: "My sole duty is to make such order as may execute his decree according to its intent." He was not called upon or authorized to decide any of the issues in the cause, for as he says: "Judge Cothran has decided the issues in this case." His duty, therefore, was simply administrative— not judicial. The real questions, then, are whether he has confined himself to a construction of Judge Cothran's decree in

order to carry it into effect, and whether he has placed the proper construction upon such decree.

To determine these questions, it will be necessary to consider what was adjudged by the decree of Judge Cothran; or, to be more precise, whether he determined anything as to the order in which the mortgaged property was to be subjected to the payment of the mortgage debt. After a careful examination of that decree, as well as the opinion of this court affirming it, we are unable to discover any indication that such a point was ever presented to the mind of Judge Cothran—much less that it was ever adjudicated by him. No such point is alluded to in the complaint or any of the pleadings, nor was there any testimony adduced as to this matter. No such issue having been raised, either in the pleadings or the evidence, upon which Judge Cothran heard the case, there was no call for him to decide it; and accordingly we find no allusion in the decree to the question of the order of liability of the mortgaged property. The real controversy before Judge Cothran was whether the two mortgages, purporting to secure the payment of the bonds therein described, respectively, which were not offered in evidence, were really intended to secure the same debt which was represented by the three thousand dollar note, which was offered in evidence, and the decision simply was that such was the real intention, and hence that the plaintiff was entitled to judgment of foreclosure of both of the mortgages; and such, no doubt, would have been the judgment then rendered if the judge had been furnished with the necessary papers to enable him to formulate the judgment. But there is not a word said in the decree, or even any intimation given that one of these mortgages was intended as a prior security, and that the other could only be resorted to in case the former proved insufficient. It seems to us, therefore, that Judge Pressley has not confined himself simply to an order carrying into effect Judge Cothran's decree, but has gone further and adjudged a new issue not raised before or decided by Judge Cothran, and that in this respect there was error.

But, in addition to this, even if the question were an open one, we are unable to concur in the view taken by Judge Pressley. As we have said, there is no allegation in the pleadings, nor is there

any evidence that the intention was that the Gervais street mortgage should be the primary security for the mortgage debt, and the Blanding street mortgage only secondary security, and in the absence of any such allegation or proof we are unable to see what warrant we would have for concluding that such was the intention of the parties. On the contrary, the more legitimate conclusion would seem to be, that while both of these mortgages were designed to secure the debt of three thousand dollars, yet it was only in the proportions designated in the mortgages respectively, that the mortgaged property was to serve as such security—that is to say, the Gervais street property was pledged, so to speak, for two thousand dollars—two thirds of the debt—and the Blanding street property for one thousand dollars—the remaining third; and hence that the Gervais street mortgage could only be foreclosed for the amount which it was intended to secure, and for the balance resort must be had to the Blanding street property.

This seems to have been the view upon which the complaint was framed, for, after stating the facts, the demand for relief is: 1st. That the mortgage for two thousand dollars—the Gervais street mortgage—be foreclosed, the property sold, and the proceeds paid to plaintiff. 2nd. That the mortgage for one thousand dollars—the Blanding street mortgage—be foreclosed, property sold, and proceeds applied to debt of plaintiff. 3rd. In the alternative—that the proceeds of such sales be applied, either to the payment of the bonds secured by said mortgages, as purported by the tenor of the mortgages, or to the payment of the three thousand dollars mentioned in the note, if such is ascertained to be the real intention of the mortgages. This shows that the plaintiff in his complaint recognized the view that these mortgages were only designed to secure certain specified portions of the debt, and that neither was intended to secure the entire debt. And when Judge Cothran, in his decree, adjudged "that the plaintiff herein have the relief demanded in his complaint," it seems to us that he converted into a judgment, the demand made by the plaintiff in his complaint, and as the plaintiff made no such demand, as is now made by his representative, that each of these mortgages shall be foreclosed for the entire debt of three

thousand dollars, instead of the proportions thereof distinctly designated in the mortgages; and especially when it is demanded that one of the mortgages shall be regarded as the primary security for the entire debt, and the other secondary only, it seems to us that such demand not only comes too late, but has no foundation either in the pleadings or the evidence.

The circumstance mentioned by Judge Pressley as leading him to the conclusion which he adopted—that the note for three thousand dollars was the joint note of the mortgagors, and that the Gervais street property was their joint property, while the Blanding street property was the sole property of Tappan, does not seem to us sufficient to warrant such a conclusion, in face of what the parties actually did and put in writing. In view of the preceding decision in this case we must assume that the real object of both of the mortgages was to secure the payment of the debt of three thousand dollars, but in what proportions the property mortgaged was to serve as such security does not seem to have been determined, in express terms, though we think it has been, by implication at least, as will be seen by what we have already said, as well as by the fact, strongly relied on both by the Circuit Judge and by this court, that the sums mentioned in the two mortgages make up the precise amount of the note, not only clearly negativing the idea that one was the primary security and the other secondary merely, but implying that each mortgage was designed as a security for the amount mentioned therein.

Now, assuming the fact to be that the three thousand dollar note was the joint note of Gary and Tappan, and the Gervais street property their joint property, and the further fact that the Blanding street property was the separate property of Tappan, yet if, as most likely was the case, Gary and Tappan wished to borrow from their uncle two thousand dollars for their joint use, and Tappan, at the same time, wished to borrow one thousand dollars for his individual use, what was more natural than that the joint property should be mortgaged to secure the money borrowed for joint use and the separate property mortgaged to secure that which was borrowed for the individual use of Tappan? It is only in this way that we have been able to account for the unusual form of this transaction; for there is no allegation, evi-

dence, or even suggestion that the Gervais street property was at that time supposed to be insufficient security for the sum of three thousand dollars.

Under the view which we have taken of the case, we do not suppose that the other question raised by appellants as to the right to foreclose a mortgage for an amount exceeding the penalty of the bond which it was given to secure, will become of any practical importance; but we may say that the authorities cited by counsel for appellants seem to sustain the view that in such a case judgment cannot be rendered for an amount exceeding the penalty.

We desire to add, with a view to avoid any misconception, that no question has been raised here,[1] as it was in *Warren* v. *Raymond* (12 *S. C.*, 9), as to the propriety of rendering judgment with leave to issue execution, in an action to foreclose a mortgage, for the whole amount of the debt, before the sale under the mortgage has been made, and the deficiency thereby ascertained, and therefore we are not to be regarded as deciding anything in reference to that matter.

The judgment of this court is, that the judgment of the Circuit Court, except in so far as it directs a sale of the Gervais street property under the mortgage given to secure the debt constituting the second cause of action, be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.

A petition was filed for a rehearing of this case upon the ground stated in the order granting this petition.

January 6, 1888.   The following order was passed

PER CURIAM.   From an examination of this petition, together with the opinion of this court, it does appear that the language used in announcing the judgment of this court is broader than was manifestly intended by the course of reasoning adopted, in that, while the effect of such language would be, not only to reverse the construction placed upon Judge Cothran's decree

[1] The third exception seems to have made this point, but it was not argued by counsel for appellants.—REPORTER.

which *was* intended, but also to reverse so much of Judge Press-ley's decree as rendered judgment and authorized the issue of execution for the whole amount of the debt which was *not* in-tended. It is therefore ordered, that, for the purpose of consider-ing and correcting this apparent discrepancy, the case be set down for rehearing, upon this point, on the call of the docket for the Fifth Circuit at the present term. It is further ordered, that the clerk of this court do forthwith notify the counsel in the cause of this order.

On January 19, 1888, by agreement of counsel, the following order was passed by the Chief Justice:

Upon consideration of the petition for a modification of the decree of this court on the appeal in the above entitled cause, and with the consent of counsel for appellants and respondent an-nounced in open court, it is ordered, that said decree be so amended as to read as follows, to wit: The judgment of this court is, that the judgment of the Circuit Court be modified in con-formity with views herein announced, and that the cause be re-manded to that court for such further proceedings as may be necessary.