11300

PLATT v. CARROLL

(119 S. E., 180)

MORTGAGES—FORECLOSURE GRANTED FOR AMOUNT IN EXCESS OF PENALTY
OF BOND.—Though the aggregate amount of the principal and in-
terest on a bond secured by a mortgage exceeded the penalty
of the bond, *held,* that a judgment of foreclosure was property
entered against a subsequent purchaser for that amount, in view
of the terms of the bond and mortgage showing such was the in-
tention of the parties.

Before N. G. EVANS, SPECIAL JUDGE, Barnwell, Decem-
ber, 1923. Appeal dismissed.

Action by Harold E. Platt, as Executor, against Francis
F. Carroll. A demurrer to the defendant's answer was sus-
tained and he appeals.

*Mr. Francis F. Carroll,* for appellant, cites: *There can
be no greater recovery on a bond than the penal sum:* 5
Vessey Eq., 329; 6 Vessey Eq., 411; 6 S. C., Eq., 100; 10
S. C., Eq., 539; 16 S. C., Eq., 539; 15 S. C., Eq., 103; 12
S. C., 503; 12 S. C. L., 328; 22 Cyc., 1520; 7 S. C. Eq., 11.
*In foreclosure no more can be recovered than is necessary
to discharge bond:* 12 S. C., 134; 31 S. C. Eq., 149; 12 S.
C., 134; 27 S. C., 171; 34 S. C., 236; 90 S. C., 14.

*Mr. E. L. Herndon,* for respondent, cites: *Holder may
sue on bond or mortgage:* 1 Bay, 501; Speers Eq., 155;
3 Strob., 459; 10 Rich. Eq., 155; 13 S. C., 253. *Mortgage
valid without bond, to extent of debt:* Jones, Mortgages,
353; 15 S. C., 516; Speers Eq., 142; 18 S. C., 473; 19 S.
C., 257; 23 S. C., 438; 26 S. C., 506; 27 S. C., 166; 83 S.
C., 521; 90 S. C., 14. *Obligee can recover full amount due
even if it exceed penal sum:* 9 C. J., 132; 55 L. R. A., 382;
23 S. C., 438; 83 S. C., 521; 90 S. C., 14; 4 A. & E. Enc.
L., 701; 5 Cyc., 852; 10 L. R. A. (N. S.), 83, 84; 2 U. S.,
252.

September 26, 1923.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The record contains these statements:

"This is an action brought by the plaintiff against the
defendant commenced on the 21st day of September, 1922,
for the foreclosure of two mortgages, one set out in the first
cause of action alleged to have been made by Julia R. Carroll
to W. J. Platt, dated 29th day of December, 1902, and
one made by Francis F. Carroll to W. J. Platt, alleged to
have been made on the 22d day of November, 1906, both
mortgages upon the same tract of land, to wit, a tract
of 100 acres of land in Barnwell County, conveyed to the
defendant by Julia R. Carroll, and now owned by the de-
fendant. The allegations of the second cause of action
are not involved in this appeal. The only issue involved
in this appeal is whether the mortgage of real estate set
out in the first cause of action can be foreclosed for an
amount in excess of the penalty of the bond set forth in the
first cause of action, where the aggregate amount of prin-
cipal and interest exceeds the penalty of the bond."

The plaintiff alleges in his complaint:

"First, for a first cause of action:

"(1) That on the 29th day of December, 1902, Julia R.
Carroll made and delivered to W. J. Platt her bond, in the
penal sum of two thousand dollars, conditioned for the
payment to the said W. J. Platt, his certain attorneys, ex-
ecutors, administrators, and assigns the full and just sum
of one thousand dollars on the 1st day of January, 1905,
with interest thereon from date at the rate of eight per
cent. per annum until paid, interest payable annually, in-
terest to bear interest at eight per cent. per annum, if not
paid when due.

"(2) That on the 29th day of December, 1902, the said
Julia R. Carroll, for the better securing the payment of the
said bond, made, executed, and delivered to the said W. J.

Platt her mortgage deed, and thereby conveyed to the said W. J. Platt, by way of mortgage, the tract of land therein described as follows, to wit: All that * * * tract of land * * * containing one hundred acres (100). [Further description omitted in this statement.]

"(3) That said mortgage, in due time, was duly recorded by the Register of Mesne Conveyance for Barnwell County.

"(4) That the said mortgage deed contained a condition in substance that, if the said Julia R. ·Carroll should well and truly pay, or cause to be paid, unto the said W. J. Platt the said debt or sum of money aforesaid, with interest thereon, if any should be due, according to the true intent and meaning of said bond and conditions thereunder written, all sums of money provided to be paid by the mortgagor, her heirs, executors, administrators, or assigns, under the covenants of said mortgage deed, then said mortgage deed should cease, determine, and be utterly void and null; otherwise, it should remain· in full force and virtue. Said mortgage deed also contained a covenant as follows: 'And it is further agreed and covenanted by and between said parties that until the debt hereby secured be paid, said mortgagor, her heirs, executors, administrators, or assigns shall and will pay all taxes on the property hereby mortgaged, when due and payable, and in case she fail to do so the said mortgagee, his executors, administrators, or assigns, may pay said taxes, together with any costs or penalty incurred thereon or any part thereof, and reimburse himself for same under this mortgage.' Said mortgage deed also contained a covenant as follows: 'And it is further agreed and covenanted between said parties, that in case the debt secured by this mortgage, or any part thereof, is collected by suit or action, or this mortgage be foreclosed or put into the hands of an attorney for collection, suit, or action, or foreclosure, the said mortgagor, her heirs, executors, administrators, or assigns shall be chargeable with all costs of collection, including ten per cent. of the prin-

cipal and interest on the amount involved as attorney's fees, which shall be due and payable at once, which charges and fees, together with all costs and expenses are hereby secured and may be recovered in any suit or action hereupon or hereunder."

The complaint contains other allegations appropriate for the foreclosure of the mortgage deed, including an allegation that the said bond and mortgage have been placed in the hands of an attorney for collection and suit has been brought thereon. The bond is in the penal sum of two thousand dollars and contains this condition:

"The condition of the above obligation is such that, if the above-bound Julia R. Carroll, her heirs, executors, and administrators, shall and do well and truly pay, or cause to be paid, unto the above-named W. J. Platt, her certain attorneys, executors, administrators, or 'assigns, the full and just sum of one thousand ($1,000.00) dollars on the 1st day of January, 1905, with interest thereon from date hereof at the rate of eight per cent. per annum until paid, interest payable annually, interest to bear interest at eight (8) per cent. per annum if not paid when due, it is hereby agreed that the obligator have the privilege of paying this bond on the first day of January, 1904, if she so elects without fraud or further delay, then the obligation to be void and of none effect, or else to remain in full force and virtue: Provided, however, that, should any proceedings be necessary to collect this bond, a commission of ten (10) per cent. upon the amount due shall be added to cover attorney's fees for collecting the same."

The mortgage deed also contains this clause:

"Whereas, I, the said Julia R. Carroll, in and by my certain bond or obligation bearing date the 29th day of December, 1902, stand firmly held and bound unto W. J. Platt in the penal sum of two thousand dollars, conditioned for the payment of the full and just sum of one thousand ($1,000.00) dollars on the 1st day of January, 1905, with

interest thereon, from date hereof at the rate of 8 per cent.
per annum until paid.    Interest payable annually.    Interest
to bear interest at 8 per cent. per annum if not paid when
due.    It is hereby agreed that the obligor have the right to
pay the debt this mortgage is given to secure, on January 1,
1904, as in and by the said bond and condition thereof, ref-
erence being thereunto had, will more fully appear:

"Now, know all men that I, the said Julia R. Carroll, in
consideration of the said debt and sum of money aforesaid,
and for the better securing the payment thereof to the said
W. J .Platt according to the condition of the said bond."

The mortgage also contains the covenants set out herein-
above in paragraph 4 of the complaint.    The complaint
prays for the foreclosure of both mortgages.

The defendant answered the first cause of action that,
while he admitted that there was due upon the bond, aggre-
gate principal and interest, an amount more than the amount
of the penalty of the bond, $2,000.00, that there could be
no recovery of any amount in excess of the amount of
the penalty of the bond, $2,000.00 (there being no agree-
ment to pay any excess of said penalty).    The execution
of the bond and mortgage and the fact of plaintiff being
the qualified executor of W. J. Platt were admitted.

The only exception is as follows:

"Because his Honor erred, in that he decided and held
that the answer of the defendant to the first cause of action,
wherein defendant alleged that a recovery could not be had
under the alleged mortgage for an aggregate amount of
principal and interest to an amount in excess of the amount
of the penalty of the bond which the alleged mortgage was
executed to secure, $2,000.00, did not constitute a defense
to the said first cause of action of the complaint, and sus-
tained a demurrer to said defense; whereas, his Honor
should have decided and held that the bond which said mort-
gage was executed to secure did not and could not create
any monetary liability beyond the amount of the penalty

of said bond, $2,000.00, and that the alleged mortgage and the covenant therein did not and could not create any charge or lien on the mortgaged property for an aggregate amount of principal and interest in excess of the amount of the penalty of the bond which said mortgage was executed to secure, to wit, $2,000.00, the highest monetary liability thereon, and should have overruled the said demurrer and sustained defendant's answer as valid defense to said first cause of action to the extent and in the respect mentioned in said answer."

Under the well recognized doctrine prevailing in this State, if the bond had merely provided that the obligor should be bound, in the penal sum of $2,000.00, upon the condition that the obligor should pay to the obligee the sum of $1,000.00, at the time specified in the bond, with interest from the date thereof, then the obligor would not have been liable beyond the penalty of the bond. But those are not the only material facts in the case. Not only are there other provisions in the bond, but likewise in the mortgage, which we have set out, that show that it was the intention, not only of the bond, but also of the mortgage, that liability should not be limited to the amount of the penalty, but that there might be a recovery even beyond the penalty, if the provisions of the bond and those of the mortgage so required, in order to satisfy them. The authorities upon which the respondent's attorneys rely fully sustain these views, and his Honor, the presiding Judge, properly sustained the demurrer. Appeal dismissed.

MESSRS. JUSTICES WATTS, FRASER, COTHRAN, and MARION concur.

MR. JUSTICE COTHRAN (concurring): Action for the foreclosure of two mortgages, one given by Julia R. Carroll on December 29, 1902, and the other by Francis F. Carroll (to whom Julia R. Carroll had in the meantime conveyed), on November 22, 1906. The action is against Francis F. Carroll alone, and the question is whether or not judgment

of foreclosure can be entered against him, a subsequent purchaser, upon the Julia R. Carroll mortgage, for an amount in excess of the penalty of the bond which that mortgage secures. There is no contest as to the liability of the defendant upon the mortgage which he executed.

The question reaches this Court on appeal by the defendant from an order of Special Judge N. G. Evans, sustaining the plaintiff's demurrer to the defendant's defense as above indicated. It appears that in 1902 Julia R. Carroll owned the tract of land in question. On December 29, 1902, she executed and delivered to W. J. Platt, the plaintiff's testator, her bond in the penal sum of $2,000.00, conditioned upon the payment of $1,000.00 on January 1, 1905, with interest from date and attorney's fees, and to secure the payment of the bond executed and delivered a mortgage upon the premises. It is conceded that the amount due to the plaintiff upon the original debt of $1,000.00 is in excess of $2,000.00, the penalty of the bond.

Subsequently to the execution and delivery of this bond and mortgage (the date not appearing in the record for appeal), Julia R. Carroll conveyed the mortgaged premises to the defendant, Francis R. Carroll, of course, subject to the mortgage, and he, on November 22, 1906, executed and delivered his note secured by a mortgage of the premises to W. J. Platt. The particulars of this mortgage do not appear in the record, as it is not involved in this appeal. On September 21, 1922, the plaintiff began foreclosure proceedings upon both mortgages, making the defendant only a party. The defendant answered, admitting both causes of action, but contended that there could be no recovery as against him upon the first mortgage in any amount in excess of the penalty of the bond, $2,000.00.

To thise defense the plaintiff demurred, and, upon a hearing, the presiding Judge sustained the demurrer. From his order the defendant has appealed, and as clearly stated in the record:

"The only issue involved in this appeal is whether the mortgage of real estate set out in the first cause of action can be foreclosed for an amount in excess of the penalty of the bond set forth in the first cause of action, where the aggregate amount of the principal and interest exceeds the penalty of the bond."

The bond, as stated, was in the penal sum of $2,000.00, and was conditioned as follows:

"That if the above-bound Julia R. Carroll, her heirs, executors, and administrators, shall and do well and truly pay, or cause to be paid unto the above-named W. J. Platt, her certain attorneys, executors, administrators, or assigns, the full and just sum of one thousand ($1,000.00) dollars on the 1st day of January ,1905, with interest thereon from date hereof at the rate of 8 per cent. per annum until paid, interest payable annually, interest to bear interest at 8 per cent. per annum if not paid when due, it is hereby agreed that the obligator (sic) have the privilege of paying this bond on the 1st day of January, 1904, if she so elects, without fraud or further delay, then the obligation to be void and of none effect, or else to remain in full force and virtue."

The premises of the mortgage were as follows:

"Whereas, I, the said Julia R. Carroll, in and by my certain bond or obligation bearing date the 29th day of December, 1902, stand firmly held and bound unto W. J. Platt in the penal sum of two thousand dollars, conditioned for the payment of the full and just sum of one thousand ($1,000.00) on the 1st day of January, 1905, with interest [as above indicated]. It is hereby agreed that the obligor has the right to pay *the debt this mortgage is given to secure,* on January 1, 1904, as in and by the said *bond and condition thereof,* reference being thereunto had, will more fully appear: Now, know all men that I, the said Julia R .Carroll, *in consideration of the said debt and sum of money aforesaid,* and for the better securing the payment thereof to the

said W. J. Platt, *according to the conditions of the said bond,* have guaranteed," etc. (Italics added.)

The first question that suggests itself is: What was the mortgage given to secure, the penalty of the bond or the debt referred to in the condition of the bond? This question is answered by the premises of the mortgage: The mortgagor is first given the option of paying on January 1, 1904, "the debt this mortgage is given to secure," as it is described in the "bond and condition thereof," which is $1,000.00 and interest; in the next place, the consideration of the mortgage is declared to be "the said debt and sum of money aforesaid".; and, in the last place, the mortgage is declared to be given "for the better securing the payment thereof (that is, 'the said debt and sum of money aforesaid,' $1,000.00 and interest), to the said W. J. Platt, *according to the condition of the said bond."* If that be so—and there can be no doubt that it is—the issue involved in this appeal must be decided in favor of the affirmance of the Circuit Judge's decree sustaining the demurrer. In 9 C. J., 132, it is·said:

"In the United States, by the great weight of authority, interest may be allowed on the principal sum, although the recovery may be more than the amount of the penalty"— citing cases from United States, Arkansas, Connecticut, Iowa, Kansas, Kentucky, Maine, Massachusetts, Nebraska, New Jersey, Pennsylvania, Rhode Island, Vermont, Virginia, Georgia, and Wisconsin.

In 2 Jones, Mtg. (2d Ed.), § 1593, it is said:

"If a mortgage secures a bond the decree may be entered for the full amount of principal and interest due upon the bond, though it exceeds the amount of the penalty. * * * When the suit is not upon the bond, but is a proceeding in equity upon the mortgage given to secure bond, it has been considered that the lien upon the land is for the whole debt, both principal and interest, according to the condition of the mortgage."

In *Long v. Long,* 16 N. J. Eq., 59, it is said:

"For more than 200 years, the principal specified in the condition of the bond, with interest, has been regarded as the real debt, and the penalty the mere form by which the debt is secured. Why should it be regarded otherwise for the sole purpose of defeating the obligee of his just claim?"

In *Smedes v. Hooghtaling,* 3 Caines (N. Y.), 482 Am. Dec., 250, in an opinion by Chancellor Kent, it is held that, where the condition of a bond for the payment of money is broken, interest may be recovered, although it may exceed the penalty of the bond. In *Moss v. Wood,* R. M. Charlt (Ga.), 42, it is held that, where the bond is conditioned for payment of a sum of money specified in the condition, such sum is the measure of damages, though in excess of the penalty. Chancellor Walworth says in the case of *Mower v. Kip,* 6 Paige's Ch. (N. Y.), 88; 29 Am. Dec., 748, approved in *Long v. Long,* 16 N. J., Eq., 59:

"The amount secured by the condition of the bond is the real debt, which he is both legally and equitably bound to pay; and if he neglects to pay the money when it becomes due, there is no rule of justice or common sense which should excuse him from the payment of the whole amount of the principal and interest, whether it be more or less than the formal penalty of the bond."

Originally the obligee might recover the full penalty of the bond, although the real debt and interest amounted to much less. Equity interposed and relieved the debtor from his penal obligation upon payment of the principal, interest, and costs, and this afterwards became the rule at law by Statute of 4 Anne. The penal part of a bond has, therefore, lost its original function, and has become an unnecessary form, in instances where it is given for the payment of money. As it is clearly put in a note to *Fraser v. Little* (Mich.), 87 Am. Dec., 747:

"To permit the penalty to remain as the limit of the debtor's responsibility "certainly gives him an undue ad-

vantage under the contract, since, if the principal and interest amount to less than the penalty, he may discharge his obligation by paying less than the penalty; that is, the real debt, with interest. On the other hand, if the principal and interest exceed the penalty, he may relieve himself of liability by paying less than his real debt, namely, the penalty of his bond; and in one case the creditor gets his exact due, which is just, and in the second case he may get much less than his due, which is unjust. Furthermore, it is illogical, inasmuch as to reach this result the penalty is at one time eliminated from consideration, and at another is given full force and effect, which is inconsistent, for the contract is either to be construed according to its terms on all occasions, or at variance with its terms and according to the 'real intention of the parties'; and to construe it in one way under one set of circumstances, and in another way under another set of circumstances, is clearly illogical, inconsistent, and not in the line of proper legal reasoning, as well as productive of injustice."

In Judge Freeman's note, cited above, he further says:

"In equity the proper view is taken of the matter; the penalty is regarded as a mere matter of form, and decree is rendered for the principal and full interest which the bond is given to secure, notwithstanding this amount exceeds the penalty of the bond"—citing *Tazewell v. Saunders,* 13 Grat. (Va.), 354; *Baker v. Morris,* 10 Leigh (Va.), 284, and *Long v. Long,* 16 N. J., Eq., 59.

In 2 Jones, Mortgages (6th Ed.), § 1593, it is said:

"The American case * * * hold that the real debt is the sum specified in the condition of the bond, with interest, and that the penalty is a mere matter of form in the instrument declaring the debt."

There is no necessity for resorting to a legal implication in the case at bar, for, as has been shown, the mortgage specifically declares that it was given to secure the debt de-

scribed in the condition of the bond. In *Clark v. Abingdon*, 17 Ves., 106, Sir William Grant says:

"The mortgage is to secure payment, not of a bond, but of the sum for which the bond was given, together with all interest that may grow thereon. The same sum, therefore, is differently secured by different instruments—by a penalty and by a specific lien. The creditor may resort to either, and if he resorts to the mortgage the penalty is out of the question."

In *Stelts v. Martin,* 90 S. C., 14; 72 S. E., 550, the action was to foreclose a mortgage, securing an obligation in the penal sum of $800.00, conditioned upon the payment of $800.00 with interest. The Court held that, notwithstanding the amount of the penalty, the mortgage provided for the payment of more than the penalty and authorized the foreclosure for the full amount due. This would have been impossible if the penalty was the debt.

It is insisted, however, by the appellant, that the rule in South Carolina as settled by decided cases is not in harmony with that declared in the foregoing authorities, and to sustain this contention, he cites several cases which require consideration.

*Smith v. Vanderhorst,* 1 McCord, 328; 10 Am. Dec., 674. In that case the action was upon a judgment which had been recovered for the penalty alone of the bond. The Court appears to lean to the doctrine that in an action at law, upon a penal bond, the obligee is limited to the penalty, a matter that was not involved in that case and is not in the case at bar. The point decided was that the judgment constituted an interest-bearing fund, and that the fact that the recovery upon the judgment excluded the penalty of the bond which was the subject of the former action, was immaterial. That case is no authority for the position that in an action to foreclose a mortgage, in equity, the mortgage is subject to a similar limitation.

*Bonsall v. Taylor,* 1 McCord, 503 In that case the action was at law, upon a penal bond, and it was held that the obligee was limited to the penalty. The case is very meagerly reported and the consideration of the question, admittedly one of "diversity and perplexity," exceedingly scant. It does not appear what was the nature of the bond, whether upon a collateral condition, or for money. The question there involved, conceding that it was upon a penal money bond, is not involved here, and that case cannot be considered authority to sustain the appellant's position in a case in equity.

*Stroble v. Large,* 3 McCord, 112. In that case the action was at law upon a penal bond, with a collateral condition to erect a steam engine. The Court held that the obligee was limited to the penalty. Obviously it is no authority to sustain the appellant here.

*Harper v. Barsh,* 10 Rich. Eq., 149. In the report of that case the syllabus is as follows:

"In a bill to foreclose a mortgage given to secure the payment of a bond, the plaintiff cannot recover beyond the penalty of the bond, although the principal and interest should largely exceed it."

The opinion of the Court does not justify the sweeping statement of the syllabus. That was an action to foreclose a mortgage executed by one Barsh. Subsequent purchasers were made parties. It appeard that the mortgage had only one witness, and the Court held that its record was not notice. Accordingly foreclosure was denied, and judgment at law was returned against Barsh for an amount limited by the penalty of the bond. All that that case decides is that in an action at law the obligee is limited to the penalty, a point not involved in the case at bar, and as to which no opinion is intended to be intimated.

*Daniels v. Moses,* 12 S. C., 130. In that case the action was to foreclose a statutory lien. As a matter of fact the Court rendered judgment in favor of the plaintiff for the

amount of the penalty of the bond, although the accrued interest had carried the amount due considerably beyond the penalty. No attempt appears to have been made by the plaintiff to include such interest. The question was not raised or considered by the Court. The real point decided was that the penalty of a bond need not be exactly double the main obligation, and that, if it exceeds that sum, the obligor, having agreed to it, is not in a position to raise the objection.

*Dial v. Gary*, 27 S. C., 171; 3 S. E., 84. In that case the Court declined to make a definite declaration as to the question now at issue and said:

"We may say that the authorities cited by counsel for appellants seem to sustain the view that in such a case [foreclosure] judgment cannot be rendered for an amount exceeding the penalty."

The authorities referred to are *Harper v. Barsh*, 10 Rich. Eq., 149. *Richardson v. Richardson*, McMul. Eq., 103. *Cruger v. Daniel*, McMul. Eq., 157. The first case has heretofore been considered; the second has slight application to the matter; the third will be hereinafter considered.

*Ellis v. Sanders*, 34 S. C., 236; 13 S. E., 417. The question now being considered was not in issue in that case, for the judgment was for an amount less than the penalty. The declaration of the Court that in an action on a bond the plaintiff cannot recover judgment for more than the penalty, if intended to apply to an action to foreclose a mortgage, was not necessary to the decision and is clearly *obiter dictum*.

*Cruger v. Daniel*, McMul. Eq., 157. This case more strongly supports the appellant's contention than any other cited by him from the reports of this State, but it is easily distinguishable from the case at bar, and is authority for the position that, if the mortgage secures the debt and not the penalty, the mortgage is entitled to the full amount of the debt, with interest. The case is an exceedingly complicated and long drawn out one, but the marrow of it

is disclosed in the learned Chancellor's criticism of the case of *Clark v. Abingdon,* 17 Ves., 106, and the distinctions he draws between that case and the one there under consideration.    It appears that the Abingdon Case was decided upon the ground that the mortgage made no reference to the penalty of the bond; that it was held to have been intended to secure the debt, and not the penalty; while in the Cruger Case the mortgage expressly referred to the bond, and states the penalty, and was intended to secure it and not the debt.    If that case was intended to hold that in every instance the penalty of the bond is the entire debt, we are constrained to differ with the great Chancellor (Harper). His reasoning confirms this position, for it is admitted that upon application by the mortgagor to redeem, he is required to pay the whole debt, including interest, which together may exceed the penalty.    The penalty, therefore, cannot be considered the entire debt, and, if not so in the one instance, it cannot be in the other.    Another matter for consideration is that the mortgage in that case was executed prior to the Act of 1791, at a time when the mortgage passed the legal title to the mortgagee.    Another is that the case came up for trial 50 years after the decree of foreclosure was entered, and doubtless the main ground of the decision was the matter of laches on the part of the mortgagee and the hardship upon the mortgagor of a contrary ruling, both of which are mentioned by the Chancellor.

The order of the Circuit Judge is sustainable upon another ground:

The bond is not the debt, nor is the mortgage the debt; the debt is the borrowed money; the bond and the mortgage are simply separate securities for the same debt, and the creditor may pursue either security that his interest may dictate. Certainly, by pursuing the remedy of foreclosure of the mortgage, he has every acknowledgment of the amount due him that he might desire.

"Wherever a man has a bond and mortgage, he may pursue both at the same time, or either of them, as he thinks proper." *Hatfield v. Kennedy,* 1 Bay, 501 (1793).

*Gillett v. Powell,* Speers, Eq., 155, (1843). The Court says:

" * * * The alteration of the bond does not affect the mortgage, and it must be taken as evidence of the debt. If the mortgage alone had been taken, there can be no doubt but that it would have constituted a specialty debt. At law it is regarded as a conveyance of the property; in equity as evidence of the debt intended to be secured by it. * * * If he had taken a single bill, and a bond with a penalty, or a bond with and one without security, though there might have been an equity to restrain the enforcement of both, I do not see how the alteration of one could vitiate the other."

"A creditor shall not have two satisfactions for the same debt, but there is no inconsistency in his pursuing two remedies. If one produces satisfaction, that is a bar to the other. A mortgage is a specific lien, and a judgment is a general lien. Both may be consistently pursued, until the debt is satisfied." *Satterwhite v. Kennedy,* 3 Strob., 459 (1849).

"The bond or certificate is not the debt, but the evidence of it." *Gibbes v. Railroad Company,* 13 S. C., 253 (1879).

"A deed of trust or mortgage is valid without any note or bond, although it purports to secure a note or bond and substantially describes it. The mortgage debt exists independently of the note. The inquiry is: Does the debt exist? If it does, it is not essential that there should be any evidence of it, beyond what is furnished by the recital of the deed. The validity of a mortgage does not depend upon the description of the debt contained in the deed, nor upon the form of the indebtedness; whether it be by note or bond or otherwise, it depends rather upon the existence of the debt it is given to secure. Although there be no note or bond, and no time is specified for the payment of the mort-

gaged debt, the mortgage, if given to secure the payment of the debt that actually exists is valid, and may be enforced immediately." Jones on Mortgages, 353, cited with approval in *McCaughrin v. Williams,* 15 S. C., 516 (1881).

Other authorities fully sustain this doctrine. *Gillett v. Powell,* Speers, Eq., 142 (1843). *Nichols v. Briggs,* 18 S. C., 473 (1883). *Plyler v. Elliott,* 19 S. C., 257 (1883). *Reynolds v. Rees,* 23 S. C., 438 (1885). *Dearman v. Trimmier,* 26 S. C., 506; 2 S. E., 501 (1887). *Smith v. Smith,* 27 S. C., 166; 3 S. E., 78; 13 Am. St. Rep., 633 (1887). *American Mortgage Company v. Woodward,* 83 S. C., 521; 65 S. E., 739 (1909). *Stelts v. Martin,* 90 S. C., 14; 72 S. E., 550 (1911).

MR. JUSTICE MARION concurs.