## 21471

Samuel B. EDGE, Appellant, v. KLUTTS RESORT REALTY, INC.,
J. Vaughn Klutts and P. Welbourne Bradham, Respondents.

(278 S. E. (2d) 783)

*John C. Thompson* of *Thompson, Henry & Lovelace,*
Conway, *for appellant.*

*Howell V. Bellamy, Jr.* of *Bellamy, Rutenberg, Copeland,
Epps, Gravely & Bowers,* Myrtle Beach, *for respondents.*

June 1, 1981.

LITTLEJOHN, Justice:

This action was commenced by plaintiff Samuel B. Edge to collect principal and interest on a note executed by defendant Klutts Resort Realty, Inc. (Klutts Realty), and guaranteed by its co-directors, defendants J. Vaughn Klutts and P. Welbourne Bradham. The trial judge granted a summary judgment in favor of all defendants. The plaintiff has appealed, submitting that there are genuine issues of fact to be determined at trial. We reverse.

In December, 1972, Klutts Realty executed and delivered to plaintiff its promissory note in the amount of $56,800.00, secured by a purchase money mortgage on a 4 acre tract. Plaintiff agreed to subordinate his mortgage to subsequent construction and permanent financing mortgages for improvement and development of the mortgaged property. Pursuant to this provision, the plaintiff, in May, 1973, subordinated his purchase money mortgage to the lien of a mortgage from Klutts Realty to C. Douglas Wilson & Co. (by name change N.C.N.B. Mortgage Corp.) in the principal sum of $1,275,000.00 and Klutts Realty began building a condominium on the premises.

In October, 1974 (after only one payment had been made on the plaintiff's mortgage), Klutts Realty requested the plaintiff to subordinate his mortgage to an additional $300,000.00 to be advanced by N.C.N.B. Mortgage Corp. As consideration for this additional subordination, the individual defendants, Klutts and Bradham, executed a personal guarantor agreement guaranteeing payment of the plaintiff's note. Accordingly, at this time, plaintiff's purchase mortgage was subordinated to a total debt of $1,575,000.00.

Klutts Realty failed to make payments as provided in the plaintiff's note and in February, 1975, plaintiff commenced

a foreclosure action of his purchase money mortgage. This action was ended by agreement and dismissed in April, 1975, with the payment of $3,911.01 interest plus $2,000.00 principal; also, the maturity date of the plaintiff's note was extended and plaintiff was to receive on his note the sum of $1,000.00 for release payment for each condominium unit sold.

In December, 1975, Klutts Realty, being unable to complete the condominium project, conveyed the premises to N.C.N.B. Mortgage Corp. in lieu of foreclosure and in consideration of a release of Klutts and Bradham from their personal liability on their endorsement of the obligation from Klutts Realty to N.C.N.B. Mortgage Corp. Simultaneously, at the request of N.C.N.B. Mortgage Corp., the plaintiff canceled his purchase money mortgage, only, with the following verbiage:

"The within mortgage is cancelled but this is not a cancellation of the debt which the mortgage secured."

In consideration of this cancellation of plaintiff's mortgage, N.C.N.B. Mortgage Corp. paid to the plaintiff the sum of $5,000.00 and agreed to pay the plaintiff 1% of the net sale proceeds of condominium units after the first 10 units, which payments plaintiff received and applied to the note balance, leaving a balance due as of October, 1978, of $32,747.51 principal and interest.

The present action was commenced by plaintiff against the defendant Klutts Realty, the maker of the note, and the individuals Klutts and Bradham, guarantors of the note, for the principal and interest due thereon.

The motion of defendants for a summary judgment was on the ground that there was ". . . no material issue of fact which would entitle the plaintiff to a recovery against the defendants [,] for the pleadings and depositions revealed that the mortgage securing the debt was canceled without

the consent and/or knowledge of the defendants." The trial judge ruled that "the . . . surrender or release by a creditor, without the guarantors' consent, of any security held at the time when the debt is guaranteed will operate as a discharge of the guarantors." Citing 38 C. J. S. *Guaranty* § 81. In so ruling, the judge ended the case as to all defendants as a matter of law.

The law upon which the judge relied would in no event lend comfort to Klutts Realty, the maker of the note. Plaintiff had a right, if he chose, to ignore the security and sue the maker on the debt for collection of the note alone. As to the individual guarantors, Klutts and Bradham, we think that there is clearly also a factual issue to be determined. Klutts, Bradham, and Klutts Realty contend that they are unaware of the fact that the plaintiff was releasing the mortgaged property from the lien. However, the affidavit of Klutts, as president of the corporation, executed as a part of the conveyance in lieu of foreclosure, included a sworn statement by him ". . . that said corporation [Klutts Realty] is not obligated upon any bond or other mortgage whereby any lien has been created or exists against the premises described in said deed." Thus, it is clear that Klutts has sworn under oath effectually that plaintiff's mortgage no longer attached to their property.

In his deposition Bradham respondeed to questions as follows:

"Q. At the time you signed the deed, did you not know you had personally guaranteed Mr. Edge's indebtedness?

A. Well, I didn't sign the deed but I realized we had a personal obligation to Mr. Edge.

Q. You approved the signing of the deed?

A. I approved the signing of the deed.

Q. Now, you realized you had an obligation to Mr. Edge when you approved the signing of it?

A. Yes.

Q. And did you contact Mr. Edge?
A. No, I did not."

The trier of fact could clearly draw the inference that the individual guarantors knew that plaintiff's debt was not paid and knew that plaintiff was cancelling his mortgage, and consented.

Some of the difficulties arising in this case come from the fact that the defendants did not deal directly with the plaintiff. The principal debt was with N.C.N.B. Mortgage Corp. and the defendants clearly negotiated this entire transaction with it in view to sell the plaintiff on the idea that he should cooperate.

If, on the trial of the case, it should be found as a matter of fact that Klutts and Bradham were' unaware of the fact that the mortgaged property was being released from the purchase money mortgage, the extent of their advantage would only be commensurate with the prejudice they sustained. In other words, a surety or guarantor is discharged only to the extent of the value of the securities surrendered or to the extent of the surety or guarantor's damage. 38 C. J. S. *Guaranty* § 81.

The action of the plaintiff in cooperating with Klutts and Bradham and with N.C.N.B. by cancelling his mortgage brought about two distinct advantages to Klutts and Bradham: first, it enabled them to relieve themselves of personal liability on the $1,575,000.00 debt to N.C.N.B.; secondly, plaintiff received $5,000.00 cash and an agreement from N.C.N.B. to pay him 1% of the net proceeds of sale of condominium units. All of this was applied against the indebtedness of Klutts, Bradham, and Klutts Realty, and accordingly benefitted them. Klutts and Bradham would now accept the benefit of the cancellation and seek the additional benefit of release from the purchase money note.

The summary judgment rule is an excellent one for expediting the work of the court and terminating disputes

where there is no genuine issue of fact. It has served the court well. However, the relief granted is drastic in its nature and should be applied with much caution. A review of the entire record convinces the court that reasonable men could disagree as to the relevant issues in this case and, accordingly, a trial should be held.

We hold that the lower court erred in granting summary judgment to any of the defendants and remand for trial on the facts.

Reversed and remanded.

Lewis, C. J., and Ness, Gregory and Harwell, JJ., concur.