1545

David Wellings BLACKMON, Respondent v. Ramlal Vallabhbhai PATEL and Rux Mani Ramlal Patel, Appellants, and Third-Party Plaintiffs v. Jivanbhai Bhulabhai PATEL, Bhula Lallu Bhakta, Luxmi Bhula Bhakta, Satish Bhula Bhakta and Bavna Satish Bhakta, Third-Party Defendants.

(396 S.E. (2d) 128)

Court of Appeals

*Edmund H. Robinson*, Charleston, *for appellants.*

*Benjamin Goldberg*, Charleston, and *Reese I. Joye*, North Charleston, *for respondents.*

Heard Aug. 20, 1990.

Decided Sept. 17, 1990.

LITTLEJOHN, Judge:

This action was brought by David Wellings Blackmon, Plaintiff (Seller), to secure a judgment on a purchase money note against Defendants Ramlal Vallabhbhai Patel and Rux Mani Ramlal Patel (First Purchasers). Foreclosure of the mortgage securing payment of the debt is not sought herein. The circuit court granted the Seller summary judgment. The First Purchasers appeal. We affirm.

The Seller sold a motel to the First Purchasers taking back a note and purchase money mortgage. The note contained an acceleration clause which became operative upon default for more than sixty days. It also provided "[p]resentment, protest and notice are hereby waived."

Sometime later without the Seller's knowledge, the First Purchasers conveyed the motel to a third party, Jivanbhai Bhulabhai Patel (Second Purchaser), who assumed the note and mortgage. Thereafter, again without the Seller's knowledge, the Second Purchaser conveyed the motel to Bhula Lallu Bhakta, Luxmi Bhula Bhakta, Satish Bhula Bhakta, and Bavna Satish Bhakta (Third Purchasers) who also assumed the note and mortgage.

The Seller in each instance became aware of subsequent conveyances after the fact. He accepted payments from the Third Purchasers but continually asserted to the First Purchasers that he was looking to them for payment and satisfaction under the terms of the note. All Purchasers failed to pay for a period of ninety (90) days. After demanding payment from the First Purchasers who refused, Sellers commenced this action.

During the pendency of this action, the First Purchasers sought an *ex parte* order of reference to the master-in-equity for the appointment of a receiver. The circuit court judge, without notice to any parties, added a provision to the order

as proposed permitting the master to rule upon any summary judgment motions. The master granted to the Seller summary judgment on the note.

While eight exceptions are enumerated, only three issues are actually pertinent for disposition of the appeal. They are as follows:

1. Must the Seller foreclose his mortgage on the property or may he seek judgment on the note alone?
2. Was the Seller required to give notice of default to the First Purchasers?
3. Was the summary judgment motion properly before the master?

We dispose of the first two issues in summary fashion. The Seller had no duty to pursue foreclosure of his mortgage before suing on the note. A creditor, including mortgagees, has the option of ignoring the security and suing on the note. *Edge v. Klutts Resort Realty, Inc.*, 276 S.C. 389, 278 S.E. (2d) 783 (1981); *Perpetual Bldg. & Loan Ass'n v. Braun*, 270 S.C. 338, 242 S.E. (2d) 407 (1978).

The Seller had no duty to give notice of default; the First Purchasers waived notice under the terms of the contract. The subsequent conveyances did not serve to give the First Purchasers any greater rights, especially since the Seller specifically stated he continued to look to the First Purchasers for performance under the terms of the contract.

As relates to the third question, the master-in-equity found:

Obligors [First Purchasers] admit that they executed the note for valuable consideration. They do not deny that the note is in default and that the balance is $546,373 together with interest from December 4, 1987 at the rate of 10% per annum. That Obligors have not been released by Plaintiff is without dispute nor is there a question that the note calls for reasonable attorneys fees.

Inasmuch as the correctness of this ruling by the master was submitted to the circuit court judge by way of an excep-

tion and inasmuch as the circuit court judge reached the same conclusion, there can be no prejudice. Beyond debate the circuit court judge was empowered to grant summary judgment. It was his ruling:

> It should be again stated that this is an action on a note. The Defendants admitted the execution of the note and that it was given for valuable consideration. There is no dispute as to the default or the amount due.

As a matter of law the First Purchasers can establish no defense. The rulings of both the master-in-equity and the circuit judge are hereby affirmed.

Other issues between remaining parties must be determined. Remand is in order.

Affirmed and remanded.

GARDNER and SHAW, JJ., concur.