647 S.E.2d 214

**Robert D. LEVER d/b/a Leverage Builders, Inc., Respondent,**

v.

**LIGHTING GALLERIES, INC. d/b/a Augusta Lighting and Design Center, Appellant.**

No. 26353.

Supreme Court of South Carolina.

Heard April 18, 2007.
Decided June 25, 2007.

Weston Adams, III and Paul M. Koch, of McAngus, Goude-lock & Courie, of Columbia, for Appellant.

Forrest Craig Wilkerson, Jr., of Rock Hill, and Marvin B. Poston, of Powell & Poston, of Aiken, for Respondent.

Justice WALLER:

Appellant, Lighting Galleries, Inc. d/b/a August Lighting and Design Center, appeals an order of the Master–in–Equity holding that a mortgage given to it by respondent, Robert Lever f/k/a Leverage Builders, Inc., should be marked satis-fied. We reverse.[1]

## FACTS/PROCEDURAL BACKGROUND

In April 1988, Leverage Builders was indebted to Lighting Galleries, Inc. in the sum of $36,256.97. To secure this debt, Lever signed an agreement in which he agreed to give Light-ing Galleries a fourth mortgage in a one-third undivided interest it owned in property in Aiken County. The agree-ment provided that it was for a period of one year, and would accrue interest at the rate of 9% per annum. A mortgage on the property was recorded simultaneously with the above agreement. Thereafter, On June 14, 1988, Lever signed a Note agreeing to pay Lighting Galleries $36,256.97, to be paid per the terms of the agreement, at a rate of 9% interest, and subject to an attorney's fee of 15% if collection became neces-sary.

In April 1989, when Lever did not timely pay in accordance with the parties' one-year agreement, Lighting Galleries brought suit on the note in Aiken County, resulting in an order for judgment of $36,256.97, plus interest, as well as attorney's fees of $5437.00. The judgment was entered in

---

1. This matter was certified from the Court of Appeals pursuant to Rule 204(b), SCACR.

Lancaster County. It is undisputed that despite attempts to collect the debt, Lighting Galleries was unable to collect on its judgment, which expired ten years later, in April 1999.[2] It is also undisputed that Lever has not paid the debt to date.

Lighting Galleries initially chose not to bring a foreclosure action on the mortgage because, in 1989 the property was worthless, having had an oil spill on it, and Lighting Galleries was only a fourth-mortgagee on a 1/3 interest in the property.

After Lighting Galleries' judgment lien expired, Lever filed a petition and Rule to Show Cause in the circuit court,[3] seeking a ruling that the mortgage on the property should be extinguished, and contending that Lighting Galleries, Inc. had previously elected its remedy, such that it was prohibited from thereafter pursuing a foreclosure action.[4] Lever sought damages, costs and attorneys fees. The matter was referred to the Master–in–Equity who held that the judgment obtained by Lighting Galleries on the note rendered the note and mortgage inoperative, such that the mortgage should be marked satisfied. Lighting Galleries appeals.

## ISSUE

Did the Master err in holding the mortgage should be marked satisfied?

## DISCUSSION

The Master held that "at the moment [Lighting Galleries] obtained the judgment on the note against [Lever], the indebt-

---

2. Judgment liens on real estate continue for ten years. S.C.Code Ann. § 15–35–810 (1976).

3. Pursuant to S.C.Code Ann. § 29–3–360, "[a]ny person who is indebted by mortgage on real estate may apply to the presiding judge or any court of general sessions and common pleas to be held in the county in which the mortgage on real estate is recorded for a rule to show cause why satisfaction must not be entered thereon."

4. Lighting Galleries was not, at the time, seeking to foreclose on the property. However, the property has significantly increased in value recently due to SCDOT wishing to purchase the property at a price of $15,000 per acre. Another party has also recently expressed interest in purchasing the remainder of the mortgaged property. Additionally, although Lighting Galleries was initially a fourth mortgage holder, only two mortgages currently exist on the property.

edness was then evidence by the order for judgment and no longer by the note, which became inoperative and of no further substance. Since a mortgage is merely a security interest and must be based upon a note or other written evidence of an obligation, upon the entry of the judgment the mortgage likewise became inoperative since there is no provision in law for a mortgage to secure a judgment." This was error.

■ A mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action. *See Perpetual Bldg. and Loan Ass'n of Anderson v. Braun,* 270 S.C. 338, 242 S.E.2d 407 (1978) (It is not implicit in the taking of a mortgage that the creditor is to look only to the property for satisfaction of the debt. Indeed, he may ignore the security and bring an action at law on the indebtedness, or he may proceed by foreclosure to satisfy his lien); *Platt v. Carroll,* 125 S.C. 493, 119 S.E. 180 (1923) (The bond is not the debt, nor is the mortgage the debt; the debt is the borrowed money; the bond and the mortgage are simply separate securities for the same debt, and the creditor may pursue either security that his interest may dictate); *Hatfield v. Kennedy,* 1 Bay 501 (1793) (Wherever a man has a bond and mortgage, he may pursue both at the same time, or either of them, as he thinks proper). *See also Blackmon v. Patel,* 302 S.C. 361, 363 396 S.E.2d 128, 130 (Ct.App.1990) ("Seller had no duty to pursue foreclosure of his mortgage before suing on the note. A creditor, including mortgagees, has the option of ignoring the security and suing on the note." *citing Edge v. Klutts Resort Realty, Inc.,* 276 S.C. 389, 278 S.E.2d 783 (1981); *Perpetual Bldg. & Loan Ass'n v. Braun,* 270 S.C. 338, 242 S.E.2d 407 (1978)).

As noted by 55 Am.Jur.2d *Mortgages* § 524:

The cases are uniform in holding that **until the mortgage debt is actually satisfied, the recovery of a judgment on the obligation secured by a mortgage, without the foreclosure of the mortgage, although merging the debt in the judgment, has no effect upon the mortgage or its lien, does not merge it, and does not preclude its foreclosure in a subsequent suit** instituted for that purpose, or

the exercise of the power of sale contained in the mortgage or deed of trust.

(emphasis supplied).

■ Lever contends the critical distinction **in this case** is because the judgment which Lighting Galleries obtained more than ten years ago has expired pursuant to S.C.Code Ann. § 15–35–810 (1976), the debt is now barred and the mortgage discharged. We disagree.

Lever cites *Buist v. Dawes*, 24 S.C. Eq. (3 Rich. Eq.) 281 (1851) for the proposition that Lighting Galleries, having elected to sue on the note and obtain a judgment, is bound thereby and may not now pursue a foreclosure action. *Buist* does not support Lever's contention. *Buist* held:

Wherever two rights are alternatively created, or given, either in express terms, or by construction, the party to whom they are given is entitled to only one of the two, and must elect between them; but after he has made his election he is bound, and will not be allowed to elect again, unless he can shew some equitable circumstances entitling him to retract the choice he has made.

*Buist* involved a widow's acceptance of dower rights which was held to destroy her right to a distributive share of her husband's estate. *Buist* is inapposite to those cases which allow a creditor to pursue either an action at law on a note, or proceeding by foreclosure of a mortgage. *Platt v. Carroll; Perpetual Bldg. and Loan Ass'n of Anderson v. Braun; Hatfield v. Kennedy*, 1 Bay 501 (1793); *Blackmon v. Patel, Edge v. Klutts Resort Realty, Inc.*

Lever also cites *Gibbes v. Holmes*, 31 S.C. Eq. (10 Rich. Eq.) 484 (1859) for the following proposition:

[T]he debt must be presumed to be satisfied from the lapse of time. If this presumption prevails, the mortgage is as completely discharged as if the debt had been satisfied by actual payment. Where the statute of limitations applies, it is presumption *juris et de jure*. It cannot be rebutted. A debtor may admit that the debt has not been paid, and in the same breath insist upon the protection and bar of the statute. But **a presumption of satisfaction, arising from the lapse of time may be rebutted.**

(Emphasis supplied). We find the facts of this case amply support the rebuttal of any presumption that the debt has been satisfied; Lever concedes that he has not paid the debt.

Moreover, in *Nichols v. Briggs*, 18 S.C. 473 (1883), the Court held that the above-cited language in *Gibbes* was mere *obiter dictum*. The question before the *Nichols* Court, as stated therein, was as follows: "Assuming that recovery on the note considered by itself could not be had on account of the statute of limitations, must the mortgage of real property, given to secure the same debt, also be considered as barred?" The Court went on to hold that **"The note given is only evidence of the debt and one of the means of collecting it, and if there is a mortgage, that is only another security for the same debt. . . . A mortgage being given as a security for a debt, the general rule is that no mere change in the mode or time of payment, nothing short of an actual payment of the debt or an express release, will operate as a discharge of the mortgage. The lien lasts as long as the debt.** 1 Hill. *Mort.*, § 3. The mortgage would have been good as a security for the $500 even if the bond had never been given." (emphasis supplied). The *Nichols* Court went on to state:

> What effect did the bar of the note by the statute of limitations have upon the debt evidenced by the note and also secured by the mortgage? It is well settled that the effect of the statute is only to take away the remedy, and not to extinguish the debt. When a security is barred the debt is not thereby necessarily discharged. *Wilson v. Kelly*, 16 S.C. 216. The rule that the discharge of the debt is a discharge of the mortgage has no application when the debt is merely discharged by the statute of limitations or a discharge in bankruptcy . . .
>
> "Though the debt be barred, the lien may be enforced. The fact that a debt secured by a mortgage is barred by a statute of limitations, does not necessarily, or as a general rule, extinguish the mortgage security or prevent the maintaining an action to enforce it." 2 Jones *Mort.*, § 1204 and notes. This is the general rule, and we see no reason founded in principle why it should not be adopted here.

*Nichols*, 18 S.C. 473.

A creditor shall not have two satisfactions for the same debt, but there is no inconsistency in his pursuing two

remedies. If one produces satisfaction, that is a bar to the other. A mortgage is a specific lien, and a judgment is a general lien. Both may be consistently pursued, until the debt is satisfied. *Satterwhite v. Kennedy,* 3 Strob. 457 (1849).

We hold that Lighting Galleries may pursue a foreclosure action notwithstanding its judgment against Lever was extinguished by virtue of the statute of limitations. The order of the Master–in–Equity is reversed.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.