MELVIN RUTHERFORD v. CHARLES A. HARBISON, ADMINISTRATOR OF THE ESTATE OF GAITHER HARBISON, DECEASED.

(Filed 8 March, 1961.)

**1. Trial § 53½—**

Where the parties agree that the court may rule upon the legal effect of stipulated documentary evidence, the court has no authority to make additional findings of fact unless authorized by the stipulations, but the court's statements as to the legal effect of the instruments are conclusions of law and not findings of fact.

**2. Executors and Administrators § 28½—**

The rejection of a claim against an estate must be absolute and unequivocal in order to start the running of the six months statute of limitation, G.S. 28-112.

**3. Same—**

The attorney for the estate notified claimant in writing that the claim for compensation for services rendered the deceased by claimant was rejected, but added that the claim was excessive, and offered to discuss the matter at a later date. Thereafter the attorney offered to settle the claim for a smaller amount. *Held:* The rejection was only as to the amount and was insufficient to start the running of the statute of limitations. That the rejection was not considered unqualified is borne out by the later offer of compromise.

APPEAL by plaintiff from *Froneberger, J.,* September 1960 Term, of McDOWELL.

This is a civil action to recover for services rendered and goods furnished to defendant's intestate.

Gaither Harbison died intestate on 28 August 1958 and Charles A. Harbison qualified as administrator of his estate on 2 September 1958. On 15 September 1958 plaintiff filed with the administrator a claim, in writing and verified under oath, in the amount of $1,500.00 for

services rendered and goods furnished intestate. The claim was not paid and this action was instituted 30 November 1959.

The complaint alleges: For about 4 years prior to intestate's death plaintiff, at intestate's request, furnished him materials and care. Intestate promised and plaintiff expected compensation therefor. Intestate paid nothing on account and at his death was justly indebted to plaintiff. Defendant administrator has filed a purported final account without settling plaintiff's claim. The personal estate has been exhausted and the real estate should be sold to make assets to pay the debt due plaintiff.

Defendant denies the material allegations of the complaint but admits that the claim was filed. Defendant alleges that the claim was rejected and disallowed in writing and that the action is barred by G. S. 28-112.

At the trial a jury was sworn and empanelled. The parties preliminary to the offering of oral evidence upon the merits of plaintiff's claim, stipulated that certain correspondence was exchanged by the respective counsel for plaintiff and defendant, and agreed that the court might rule upon the legal effect of this correspondence and determine therefrom whether the action is barred by G.S. 28-112.

The correspondence in material part is as follows:

(1) Letter of 15 September 1958 from plaintiff's attorney to estate's attorney, enclosing plaintiff's claim:

> "I am enclosing Notices of Claim from Melvin Rutherford and Alberta Rutherford, whom I represent in the matter of the estate of Gaither Harbison.
>
> At any time you might wish to discuss these claims with me, I will be available, but I ask that you give me three or four days notice so that I can arrange to be in town."

(2) Letter of 24 September 1958 from the estate's attorney to plaintiff's attorney:

> "As attorney for the estate of Gaither Harbison, I am writing you in regard to the claims of Melvin Rutherford and Alberta Rutherford, which you mailed to me on September 15, 1958. I have carefully gone over these claims with Charlie A. Harbison, Administrator, and payment of said claims are disallowed. We feel that the claims are very excessive and unreasonable; however, if you care to discuss any phase of these claims with me I shall be glad to talk to you."

(3) Letter of 27 October 1958 from plaintiff's attorney to the estate's attorney:

"With reference to the claims of Melvin and Alberta Rutherford against the Estate of Gaither Harbison, I plan to be in Morganton the afternoon of October 30, Thursday, and if convenient with you we can discuss these matters at that time. Will 3:00 P. M. be convenient? If not, please suggest a time."

(4) Letter of 6 November 1958 from the estate's attorney to plaintiff's attorney:

"I have carefully gone over the claims of Melvin and Alberta Rutherford against the estate of Gaither Harbison with the administrator, Charles A. Harbison. He has considered these claims and has authorized me to state that he will pay $300.00 in settlement. He feels that this is a fair sum for services rendered the deceased. You may discuss this with your clients and let me know at your earliest convenience."

The court concluded that the "claim was disallowed and rejected on September 24, 1958, and is barred by" G.S. 28-112, and entered judgment dismissing the action.

Plaintiff appeals.

*Everette C. Carnes and Curtis D. Hawkins for plaintiff.*
*O. L. Horton and John H. McMurray for defendant.*

MOORE, J. G.S.28-112 provides that "If a claim is presented to and rejected by the . . . administrator . . . , the claimant must, within six months, after due notice in writing of such rejection . . . commence an action for recovery thereof, or be forever barred from maintaining an action thereon."

The purpose of this statute is to expedite the administration and settlement of estates. The language is positive and explicit, and the section must be enforced in accordance with the plain meaning of its terms. *Batts v. Batts,* 198 N.C. 395, 151 S.E. 868; *Morrisey v. Hill,* 142 N.C. 355, 55 S.E. 193.

The court purported to find facts. The only evidence before the court was the four letters. The facts were stipulated, therefore the only matter for the court was a question of law. Where a cause has been submitted to the court upon stipulated facts, the court has no authority to make additional findings of fact unless so authorized by the stipulations. *Swartzberg v. Insurance Company,* 252 N.C. 150, 113 S.E. 2d 270. In the case at bar the challenged findings of fact are merely conclusions of law.

The crucial question on this appeal is whether or not the letter

of 24 September 1958 rejected plaintiff's claim so as to invoke the bar of the statute.

To bring into play the six months limitation of G.S. 28-112 for institution of action on the claim, it is necessary that there be a rejection of the claim and that the rejection be absolute and unequivocal. An administrator may not claim the benefit of the bar of the statute when the rejection leaves the matter open for further negotiation or adjustment.

The letter of 24 September 1958, in the second sentence, rejects and disallows the claim. If nothing more had been said, the disallowance would have been sufficient. But the letter goes further and explains that the claim is considered "excessive" and "unreasonable." Then it is said, ". . . if you care to discuss any phase of these claims with me I shall be glad to talk to you." Plaintiff probably inferred, and rightfully so, that the claim was being rejected only as to amount. The letter leaves the impression that negotiations are in order and implies that a discussion might result in allowance and settlement of the claim in some amount.

That the matter was not considered closed is borne out by subsquent correspondence. In response to defendant's offer to discuss the claim, plaintiff on 27 October 1958 wrote a letter requesting a conference for 3:00 P.M. on 30 October. Thereafter counsel for defendant advised that the administrator had considered the claim and offered $300.00 in settlement and requested an answer.

The correspondence taken as a whole indicates that neither party considered that the claim had been unqualifiedly rejected or that negotiations had ended. The purported rejection was not such as to start the running of the statute.

The New York statute is practically identical with G.S. 28-112. The Court of Appeals in *Hoyt v. Bonnet*, 50 N.Y. 538 (1872), deals with a similar situation. Plaintiffs filed a claim and defendants rejected it in the following terms: ". . . executors . . . as at present advised, decline to pay your claims . . . . they will be greatly obliged if you will furnish them a bill of particulars containing the items of your accounts . . . ." The Court declared that the rejection "should not be ambiguous or equivocal, capable of two interpretations, but decided, unequivocal and absolute; such an act or declaration as will admit of no reasonable doubt that the claim is definitively disputed or rejected, so that the claimant will be without excuse for not resorting to his action within the time required to save his claim. To construe and apply the statute in a manner more liberal to the representatives of estates would make it a trap and a snare to claimants. They might be misled, and induced to remain passive until they had

lost the right of action by a notice or a declaration so carefully drawn or made as to lull them to rest; . . . ." See also *Donnally v. Welfare Board* (Md. 1952), 92 A. 2d 354, 34 A.L.R. 2d 996, in which it is said by way of dicta that a rejection must be absolute.

The judgment is reversed and the cause remanded for further proceedings in accordance with law.

Reversed.