0673

MERCURY MARINE DIVISION, OF BRUNSWICK CORP., Respondent v. Alexander H. COSTAS, Appellant.

(342 S. E. (2d) 632)

Court of Appeals

*Daniel B. Causey, III*, Darlington, *for appellant.*

*Anthony D. Hoefer*, Sumter, *for respondent.*

Heard Feb. 17, 1986.

Decided April 7, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court granting summary judgment to respondent Mercury Marine Division of Brunswick Corp. in its suit for the collection of the balance due on a promissory note and against appellant Alexander H. Costas on his counterclaim for abuse of process. We affirm.

"Where appeal is taken from an order granting summary judgment, this Court must view the facts in the light most favorable to the party opposing the motion." *Stratos v. King*, 282 S. C. 501, 503, 319 S. E. (2d) 356, 358 (Ct. App. 1984). Viewed in the light most favorable to Mr. Costas, the material facts can be summarized as follows:

Mr. Costas was the president of a corporation named Wyboo Gulf Marina, Inc. This corporation became indebted to Mercury Marine. At the insistence of Mercury Marine, Mr. Costas signed a note promising to pay personally the debt of the corporation in the amount of $13,472.31.

After Mr. Costas signed this note, some of the assets of Wyboo Gulf Marina were transferred to another corporation named Gangplank Marina, Inc. The stock of this corporation was purchased by Robert J. and Dorothy Sorensen. A lawyer representing Mr. and Mrs. Sorensen contacted Mercury Ma-

rine and requested a payoff figure on the indebtedness of Wyboo Gulf Marina, Gangplank Marina and Mr. Costas. The lawyer was given the figure of $3,523.77.

A lawyer representing Mr. Costas forwarded his check in this amount to Mercury Marine with a letter saying it was their "understanding" that the check brought the account of Mr. Costas, Gangplank Marina and Wyboo Gulf Marina "current," and it was their further "understanding" that Mercury Marine had "agreed to allow Robert J. and Dorothy J. Sorensen, the purchasers of Gangplank, to assume any outstanding balance." The letter concluded by saying, "I would appreciate your furnishing me with a confirmation to this effect."

Mercury Marine immediately responded by letter to Mr. Costas' lawyer thanking him for the check but stating that "it does not pay the account in full" and further stating that "[o]ur records show a balance of $3,046.76 remaining on Gangplank Marina's statement." The letter concluded by saying "[i]f any reconciliation needs to be made we will be happy to work with you or Mr. Costas or the new owners of Gangplank Marina."

Mr. Costas refused to make any further payment to Mercury Marine, taking the position that his debt had been satisfied by his having paid the amount which had been given the lawyer for Mr. and Mrs. Sorensen as a payoff figure.

Mercury Marine refused to accede to his position and subsequently brought suit in Clarendon County against Mr. Costas and Gangplank Marina for $2,807.76, the amount which it claimed was due at that time. On motion of Mercury Marine and with the consent of Mr. Costas and Gangplank Marina, the Circuit Court dismissed this suit without prejudice. Mercury Marine thereafter brought the instant suit in the same county for the same amount against only Mr. Costas.

Mr. Costas answered alleging the debt had been satisfied by an accord and satisfaction, counterclaimed alleging abuse of process by Mercury Marine in attempting to collect it and moved for a change of venue to Florence County on the ground that he was a resident of that county at the time suit was brought. With the consent of Mercury Marine, the Cir-

cuit Court ordered a change of venue to Florence County.

Both Mr. Costas and Mercury Marine then moved for summary judgment. After a hearing on both motions, the Circuit Court granted judgment for Mercury Marine in the amount which it claimed was due and dismissed the counterclaim of Mr. Costas.

I

We reject Mr. Costas' argument that an accord and satisfaction occurred under the facts of this case. An accord and satisfaction occurs where there is: (1) an agreement to accept in discharge of an obligation something different from that which the creditor is claiming or is entitled to receive; and (2) payment of the consideration expressed in the agreement. See *Fanning v. Hicks*, 284 S. C. 456, 327 S. E. (2d) 342 (1985). Without an agreement to discharge the obligation there can be no accord, and without an accord there can be no satisfaction. Like the chicken and the egg, the existence of one is dependent upon the existence of the other.

Ordinarily, acceptance of a check for less than the amount due does not indicate assent to the lesser sum in satisfaction of the full sum due, unless acceptance of the lesser sum is intended by both parties as an accord and satisfaction. *Florence City-County Airport Commission v. Air Terminal Parking Co.*, 283 S. C. 337, 322 S. E. (2d) 471 (Ct. App. 1984).

> When the assent of the creditor is sought to be inferred from the acceptance of a less sum than that claimed to be due, the fact that such amount is offered in full discharge of the whole claim must have been communicated to the creditor in some unmistakable manner. Consequently, where a check is tendered, even though it accompanies an account, if there is no expression of the condition that it must be accepted in full payment, the acceptance of the check does not constitute an accord and satisfaction, as no agreement to that effect can be implied from the transaction.

*Redmond v. Strange*, 203 S. C. 35, 42 26 S. E. (2d) 16, 19 (1943).

In this case, there is no evidence that Mercury Marine agreed to accept $3,523.77 in full payment of the debt. On the contrary, Mercury Marine stated in its letter to Mr. Costas' lawyer that the check which he forwarded "does not pay the account in full." Consequently, no accord was reached between the parties and the payment on the account did not constitute a satisfaction of the debt.

## II

We also reject Mr. Costas' argument that Mercury Marine was guilty of abuse of process in suing him twice and in suing him in a county other than the county of his residence. "The essential elements of abuse of process are: first, an ulterior purpose and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Rycroft v. Gaddy*, 281 S. C. 119, 125, 314 S. E. (2d) 39, 43 (Ct. App. 1984).

There was no evidence that Mercury Marine had any purpose in suing Mr. Costas other than to collect the debt which he owed. Therefore, no abuse of process occurred here.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER, and BELL, JJ. concur.