1931

TREMONT CONSTRUCTION CO., INC., Appellant v. A.J. DUNLAP
and Judith A. Dunlap, Respondents.

(425 S.E. (2d) 792)

Court of Appeals

*Terry A. Finger*, Hilton Head Island, *for appellant*.

*Thomas C. Taylor* and *William R. Phipps*, of *Bethea, Jordan & Griffin*, Hilton Head Island, *for respondents*.

Heard Nov. 12, 1992; Decided Dec. 22, 1992.

Reh. Den. Feb. 3, 1993.

BELL, Judge:

This case arises from a construction contract. Judith and A.J. Dunlap hired Tremont Construction Company, Inc., to build a house for $771,000. After finishing the project, Tremont filed suit claiming the Dunlaps failed to pay some construction costs. It alleged causes of action for breach of contract, foreclosure of a mechanic's lien, and *quantum meruit*. In their answer, the Dunlaps raised, among other things, accord and satisfaction as an affirmative defense. They also counterclaimed for defamation of title and breach of warranty. The court granted the Dunlap's motion for partial summary judgment as to all of Tremont's claims, ruling accord and satisfaction existed as a matter of law. The court denied summary judgment on the Dunlap's counterclaim for breach of warranty. Tremont appeals. We reverse and remand.

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Davis v. Piedmont Engineers, Architects & Planners, P.A.*, 284 S.C. 20, 324 S.E. (2d) 325 (Ct. App. 1984). In ruling on the motion, all the evidence and inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *Id.*

The undisputed facts are as follows. After the Dunlaps moved into the new house but before it was completed, David Eichenberger, Tremont's owner, met with the Dunlaps to finalize many of the outstanding bills on the project. The remaining bills totaled approximately $41,000. Before Eichenberger had a chance to explain the bills, the Dunlaps refused to pay them, claiming Tremont said two months earlier the

final settlement would be less than $2,000. Eichenberger said he would discuss the additional expenses with the project architect. The Dunlaps tendered a check to Eichenberger for $3,070.[1] The check, both on its front and back, stated it was final payment. Tremont's comptroller deposited the check in Tremont's bank account without any endorsement. Eichenberger later discussed the additional charges with the project architect and presented another bill to the Dunlaps two months later. The Dunlaps again refused to pay, and Tremont brought this suit.

An accord and satisfaction occurs when there is (1) an agreement to accept in discharge of an obligation something different from that which the creditor is claiming or is entitled to receive; and (2) payment of the consideration expressed in the new agreement. *Mercury Marine Division of Brunswick Corp. v. Costas*, 288 S.C. 383, 342 S.E. (2d) 632 (Ct. App. 1986). Acceptance of a check for less than the amount due does not indicate assent to the lesser sum in satisfaction of the full sum due, unless acceptance of the lesser sum is intended by both parties as an accord and satisfaction. *Florence City-County Airport Commission v. Air Terminal Parking Co.*, 283 S.C. 337, 322 S.E. (2d) 471 (Ct. App. 1984). Stated another way, an accord and satisfaction, like any other contract, requires a meeting of the minds. *Redmond v. Strange et al.*, 203 S.C. 35, 26 S.E. (2d) 16 (1943). The debtor must intend and make unmistakably clear that the payment tendered fully satisfies the creditor's demand. Id. Just as importantly, the creditor must accept payment with the intention that it shall operate as a satisfaction. *Id.* Without an agreement to discharge the obligation there can be no accord, and without an accord there can be no satisfaction. *Mercury Marine, supra.*

Viewed in the light most favorable to Tremont, genuine issues of material fact exist. The evidence concerning whether Tremont and the Dunlaps agreed to a final settlement and whether Eichenberger accepted the check in full satisfaction of his claim is in dispute. Eichenberger testified the Dunlaps refused to pay the additional costs even before he could explain that they were caused by

---

[1] This amount represented the earlier quoted $2,895 final payment plus other purchases the Dunlaps charged to Tremont's account and credits to the Dunlaps for wallcoverings damaged by Tremont.

changes the Dunlaps themselves requested late in the construction process. He agreed only to discuss the disputed amounts with the architect before resubmitting the bill. He denied accepting the Dunlap's check as a full payment. This testimony tends to show Eichenberger did not agree to a final settlement and accepted the check only as payment of amounts not in dispute. Accepting a check that bears the words "final payment" or similar phrases, does not constitute an accord and satisfaction as a matter of law. *See Redmond v. Strange, supra.*

Reversed and remanded.

SHAW and CURETON, JJ., concur.

