MAXINE ELLIOTT, Plaintiff v. ESTATE OF GARNET DOUGLAS ELLIOTT, JR., MAXINE JAYNE ELLIOTT, EXECUTRIX, Defendant

No. COA03-775

(Filed 6 April 2004)

**1. Trials— dismissal—findings**

The trial court did not err by not making findings when dismissing a plaintiff's action where there was no request for findings. N.C.G.S. § 1A-1, Rule 52(a)(2).

**2. Statutes of Limitation and Repose— past-due alimony— foreign order—N.C. statute of limitation—periodic sum**

A plaintiff seeking past-due alimony, a periodic sum, was barred from seeking sums accruing more than 10 years before the action began. Although this was a California order, statutes

of limitation are procedural and the 10 year limitation of N.C.G.S. § 1-47 applied.

**3. Statutes of Limitation and Repose— estates—rejection of claim and offer of settlement**

The statute of limitation for claims against estates did not apply where the rejection of the claim was not absolute and unequivocal. N.C.G.S. § 28A-19-16.

**4. Laches— spousal support—continual obligation**

The doctrine of laches is inapplicable to an action for the continuing obligation of spousal support.

Appeal by plaintiff from judgment entered 28 February 2003 by Judge Jack Jenkins in Brunswick County Superior Court. Heard in the Court of Appeals 4 March 2004.

*Gary S. Lawrence, for plaintiff-appellant.*

*Roger Lee Edwards, P.A., by Roger Lee Edwards, for defendant-appellee.*

CALABRIA, Judge.

Maxine Elliott ("plaintiff") filed suit against the estate of her former husband ("defendant") alleging the estate improperly refused to pay her claim for past due alimony. Defendant filed a motion to dismiss arguing plaintiff's claim was barred by the ninety-day statute of limitations pursuant to N.C. Gen. Stat. § 28A-19-16, the ten-year statute of limitations for foreign judgments under N.C. Gen. Stat. § 1-47, and by laches. The trial court granted defendant's motion and plaintiff appealed. We find the court erred and reverse the judgment of the court dismissing plaintiff's action.

In 1979, plaintiff and Garnett Douglas Elliott, Jr. ("Mr. Elliott") were divorced and the Superior Court of California issued a judgment ordering Mr. Elliot to pay alimony in the amount of one-thousand dollars per month. Mr. Elliott ceased making payments in January 1989. Plaintiff was unable to locate Mr. Elliott until February 2000, when a private investigator she hired found him residing in North Carolina. On 14 March 2000, plaintiff's attorney sent Mr. Elliott a letter demanding payment for the past-due alimony and interest. Mr. Elliott did not respond and plaintiff took no further legal action. On 10 December 2001, Mr. Elliott died in Brunswick County, North Carolina.

**ELLIOTT v. ESTATE OF ELLIOTT**

[163 N.C. App. 577 (2004)]

On 29 April 2002, plaintiff filed a Notice of Claim against her former husband's estate asserting her right to unpaid alimony. On 7 June 2002, the executrix of the estate responded by filing a "Rejection of Claim" on the ground that plaintiff's claim was barred by laches and the statute of limitations for foreign judgments. The "Rejection of Claim" was served on plaintiff and was accompanied by a letter which offered plaintiff "$1,000.00 as a full and final payment of any claim that she may have" and asked plaintiff's attorney to "convey our offer to your client and advise me of her response or counteroffer." Plaintiff did not respond, and, on 28 October 2002, filed the present action. Plaintiff appeals the trial court's judgment granting defendant's motion to dismiss.

**[1]** Plaintiff's first assignment of error asserts the trial court failed to find facts and conclusions of law as required by Rule 52 of the North Carolina Rules of Civil Procedure. Indeed, the controlling rule regarding involuntary dismissals provides: "[i]f the court renders judgment on the merits [pursuant to a motion to dismiss] against the plaintiff, the court shall make findings as provided in Rule 52(a)." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). Accordingly, we turn to Rule 52 which provides, in relevant part, that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2003). Since Rule 52(a)(2) clearly requires the judge to make findings only following a request from a party, and the record does not reveal any such request, we overrule plaintiff's first assignment of error. *See* N.C.R. App. P. 10(a), 28(b)(6) (2004) (appellate review is limited to the assignments of error which must reference the evidence within the record on appeal, transcripts or exhibits). Accordingly, we consider whether the trial court's judgment is valid under any of the theories proffered.

**[2]** Before reaching the merits, however, we must note that the judgment plaintiff seeks to enforce was entered in California and we are bound to apply the Full Faith and Credit Clause of the United States Constitution. *Boyles v. Boyles*, 308 N.C. 488, 490, 302 S.E.2d 790, 793 (1983); U.S. Const. art. IV, § 1. The Full Faith and Credit Clause requires that " 'the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced.' " *Boyles*, 308 N.C. at 490, 302 S.E.2d at 792-93 (citation omitted). Accordingly, when our courts are presented with a judgment from a foreign jurisdiction, we look to the substantive laws of that jurisdiction to guide our deci-

sions. *See Marketing Systems v. Realty Co.*, 277 N.C. 230, 234, 176 S.E.2d 775, 777 (1970).

The first issue presented is the effect of the statute of limitations controlling foreign judgments. We note that although California law controls our substantive determinations, with respect to statutes of limitations:

> '[i]t has long been established that the enforcement of a judgment of a sister state may be barred by application of the statute of limitations of the forum state. Application of the forum's statute of limitations entails no violation of the full faith and credit clause of the Constitution since such statutes are deemed to affect procedure only and not the substance of the action.'

*Wener v. Perrone & Cramer Realty, Inc.*, 137 N.C. App. 362, 364, 528 S.E.2d 65, 67 (2000) (quotation marks and citation omitted) (applying North Carolina statute of limitations to a Florida judgment). North Carolina imposes a ten-year statute of limitations upon the enforcement of a judgment or decree of any court of the United States. N.C. Gen. Stat. § 1-47 (2003). Moreover, our Court, in an action to recover periodic sums of alimony and child support, interpreted the statute to bar only those sums which became due more than ten years before the institution of the action. *Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E.2d 561 (1977). Although defendant seeks to distinguish *Lindsey* on the basis that it involved a North Carolina, rather than a foreign judgment, we find this distinction has no basis in either the plain language of the statute or the spirit of the case. Accordingly, plaintiff is only entitled to recover those sums accruing after 28 October 1992 because this action was not commenced until 28 October 2002.

[3] The next issue presented is whether plaintiff's action is barred by the statute of limitations for presentation of a claim against a decedent's estate pursuant to N.C. Gen. Stat. § 28A-19-16. The statute provides:

> [i]f a claim is presented to and rejected by the personal representative or collector, and not referred as provided in G.S. 28A-19-15, the claimant must, within three months, after due notice in writing of such rejection, or after some part of the claim becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon.

N.C. Gen. Stat. § 28A-19-16 (2003). Moreover, since the purpose of this statute "is to expedite the administration and settlement of estates" our Supreme Court has held that it "must be enforced in accordance with the plain meaning of its terms." *Rutherford v. Harbison*, 254 N.C. 236, 238, 118 S.E.2d 540, 542 (1961) (analyzing the former N.C. Gen. Stat. § 28-112, presently N.C. Gen. Stat. § 28A-19-16). However, *Rutherford* cautioned that in order to trigger the statute of limitations "it is necessary that there be a rejection of the claim and that the rejection be absolute and unequivocal. An administrator may not claim the benefit of the bar of the statute when the rejection leaves the matter open for further negotiation or adjustment." *Id.*, 254 N.C. at 239, 118 S.E.2d at 542.

Plaintiff asserts that although defendant rejected her claim, the rejection was not "absolute and unequivocal" as required by North Carolina law. In *Rutherford*, correspondence from the attorney for the estate to the plaintiff's attorney stated the claim was "excessive" and invited further discussion about the claims. *Id.*, 254 N.C. at 239, 118 S.E.2d at 543. Therefore, the Court reasoned that the plaintiff "probably inferred . . . that the claim was rejected only as to amount" and implied further negotiations could "result in . . . settlement of the claim in some amount." *Id.* Similarly, in the case at bar, the estate wrote to plaintiff stating the claim was rejected but offered one thousand dollars in settlement "of any claim that [plaintiff] may have" and invited a "response or counter-offer, if any, at [plaintiff's] earliest convenience." The letter was accompanied by a "Rejection of Claim" form, that had been filed with the court, which stated that plaintiff's claim was rejected. However, we find that since the "Rejection of Claim" form was accompanied by a letter inviting negotiations, plaintiff, as the plaintiff in *Rutherford*, could have reasonably inferred "that negotiations [were] in order and . . . a discussion might result in allowance and settlement of the claim in some amount." *Id.* We hold accordingly, finding defendant failed to absolutely and unequivocally reject plaintiff's claim and the statute of limitations contained in N.C. Gen. Stat. § 28A-19-16 does not bar this action.

[4] Finally, defendant asserts that plaintiff's claim is barred by laches. As we have previously explained, the substantive law of the foreign state guides our actions. *Marketing Systems*, 277 N.C. at 234, 176 S.E.2d at 777. However, the application of laches, like a statute of limitations, is a matter of procedural rather than substantive law. Indeed, our Court has followed this general rule and applied North Carolina's law on laches to the enforcement of judgments from for-

eign jurisdictions. *Larsen v. Sedberry*, 54 N.C. App. 166, 282 S.E.2d 551 (1981). Therefore, we analyze the issue of laches in accordance with North Carolina law.

In North Carolina, although our courts have recognized laches as a valid defense in various types of proceedings, we have never allowed the defense of laches in an action seeking the enforcement of a court order for alimony or support. 2 Lee's North Carolina Family Law, § 11.50 (5th ed. 1999). Moreover, our Court has considered whether to apply laches to actions for the enforcement of child and spousal support, and has chosen not to do so. *Larsen*, 54 N.C. App. at 168, 282 S.E.2d at 552 (1981). In *Larsen*, the Court distinguished those types of actions where we have permitted laches from cases such as the one at bar. Since *Larsen* is controlling, we hold the doctrine of laches inapplicable to actions for the continuing obligation of spousal support.

In summary, we hold that the trial court erred by dismissing plaintiff's action. Although plaintiff may only seek recovery of those arrearages accruing within the ten years prior to her filing this action, her claim is not barred by N.C. Gen. Stat. § 28A-19-16 nor by the defense of laches. The judgment of the court is affirmed as to those payments due prior to ten years before the filing of this action and is otherwise reversed. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed and remanded in part.

Judges McGEE and STEELMAN concur.