630 S.E.2d 285

A FAST PHOTO EXPRESS, INC., f/k/a Devine Street Camera, Inc., d/b/a American Fast Photo & Camera, Jay Specter, and Barbara Specter, Plaintiff,

v.

FIRST NATIONAL BANK OF CHICAGO, M.P.H. Holdings, Inc., Thomas J. Russell and John Doe, Defendants,

and

M.P.H. Holdings, Inc., Third–Party Plaintiff,

v.

Barbara Specter, Third–Party Defendant.

M.P.H. Holdings, Inc., Respondent,

v.

Jay Specter and Barbara Specter, Appellants.

No. 4110.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2005.

Decided May 8, 2006.

82

Jay and Barbara Specter, both of Columbia, Pro Se, for Appellants.

Suzanne Taylor Graham Grigg, of Columbia, for Respondent.

BEATTY, J.:

Jay and Barbara Specter appeal the master-in-equity's order transferring property in partial satisfaction of a judgment.[1] We affirm in part and reverse in part.[2]

## FACTS

On September 30, 1994, M.P.H. Holdings, Inc., obtained a personal judgment against Jay and Barbara Specter for $62,730, and a writ of execution was filed on March 20, 1996. An attempt was made to execute the judgment, but the sheriff's office returned the execution against property to the clerk marked "nulla bona" on August 14, 1996. M.P.H. Holdings dissolved in 2002, and it surrendered its authority to do business in South Carolina.

---

1. Respondent M.P.H. Holdings has not filed a final brief in this case.

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

In the summer of 2002, Jay Specter inherited one-fifth of the personal property from his father's estate, and his portion of the personal property was valued at $31,000.[3] On August 25, 2004, the attorney for M.P.H. Holdings petitioned the master for a supplemental proceeding in an attempt to execute the judgment. Accompanying the petition was an affidavit from the attorney alleging that she was the attorney for petitioner M.P.H. Holdings. The master issued a rule to show cause and scheduled a hearing.

A hearing was held on September 23, 2004, to determine whether the Specters had any assets that could be used to satisfy the judgment. Jay Specter initially appeared with counsel, but counsel was relieved during the hearing after revealing a conflict of interest. The attorney who had filed the request for supplemental proceedings on behalf of M.P.H. Holdings informed the court that the corporation's assets were transferred to its successor in interest, Bank One, and she was authorized to execute the judgment on behalf of Bank One.[4] During the hearing, Jay Specter asserted his Fifth Amendment privilege against self-incrimination in response to every question asked of him, and he requested a continuance in order to obtain new counsel. M.P.H. Holdings provided evidence of the $31,000 in assets Specter inherited from his father's estate.

The master granted M.P.H. Holdings' request to execute judgment as to the $31,000 Specter inherited, and he also granted Specter's request for a continuance. An order was signed by the master and filed on September 23, 2004, directing the personal representative of Specter's father's estate to distribute Jay Specter's interest in the personal property to M.P.H. Holdings. The order further directed that any property owned by the Specters, above any homestead exemption,

---

3. The will further instructed that the house in which Jay and Barbara lived, valued at over $200,000, and any remainder of the $1,000,000 estate should be placed in the "Jay M. Specter Trust."

4. The master overruled Specter's objection that Bank One did not have standing to file the supplemental proceedings to enforce M.P.H. Holdings' judgment. Because the standing question is also an issue on appeal, we will continue to refer to the moving party in the underlying supplemental proceedings as "M.P.H. Holdings" in accordance with the caption.

should be transferred. The Specters filed a notice of appeal from the September 23, 2004 order on September 27, 2004.

On September 28, 2004, the continued matter was heard before the master, and the Specters appeared *pro se.* The attorneys for M.P.H. Holdings requested that the master issue a supplemental order transferring title of two cars in the Specters' possession. The master declined to issue an order transferring title of the two cars pending disposition of the appeal. However, the master restrained the Specters from disposing of the cars. The written order, entitled "Order Restraining Damage, Concealment, Transfer, or Removal of Property," was filed November 3, 2004. The Specters filed a motion to reconsider this order on November 8, 2004. Nothing in the record indicates this motion has ever been heard or ruled upon. Further, the Specters have not filed a notice of appeal from the November 3, 2004 restraining order.

## STANDARD OF REVIEW

"Supplementary proceedings are equitable in nature." *Ag–Chem Equip. Co. v. Daggerhart,* 281 S.C. 380, 383, 315 S.E.2d 379, 381 (Ct.App.1984). In an equitable matter referred to a master for final judgment with direct appeal to the supreme court, the appellate court may determine the facts in accordance with its own view of the preponderance of the evidence. *Friarsgate, Inc., v. First Fed. Sav. & Loan Ass'n,* 317 S.C. 452, 456, 454 S.E.2d 901, 904 (Ct.App.1995). The appellate court is not required, however, to disregard the findings of the master. *Id.*

## LAW/ANALYSIS

### I. Preservation (Issues 2, 3, and 4)

The Specters argue the master erred in ordering the transfer of Jay Specter's interest in his father's estate because: (1) M.P.H. Holdings should not have been allowed to bring the action to examine the Specters if it sold or transferred its interest in the judgment; (2) M.P.H. Holdings failed to take possession of Jay Specter's interest in his father's estate prior to the September 30, 2004 expiration of the judgment; and (3) it was error for the master to issue the November 8, 2004

restraining order more than thirty days after the expiration of the judgment as an attempt to extend the judgment past the ten-year deadline. These arguments are not preserved for appellate review.

### A. Transfer of M.P.H. Holdings' Interest

The Specters argue that it was error for the master to allow M.P.H. Holdings to bring an action to examine them if it transferred its interest in the judgment to Bank One.

■ Before he was relieved due to a conflict of interest, the Specters' attorney argued at the September 23, 2004 hearing that the action could not properly be brought because it was not clear who was bringing the action, there was a question concerning whether M.P.H. Holdings had standing to bring the action as a dissolved corporation, and there was a question concerning whether the action had been authorized. The master overruled the objection. No arguments were raised concerning whether M.P.H. Holdings could still maintain an action in its name after transferring its assets, and the master did not address this question in his order. Further, the Specters failed to raise this issue in a motion for reconsideration pursuant to Rule 59(e), SCRCP. Because this issue was not raised to or ruled upon by the master, it is not preserved for appellate review. *Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (noting that issues not raised to or ruled upon by the trial court are not preserved for appellate review).

### B. Failure to take possession prior to expiration of the judgment

■ The Specters assert the judgment against them has now expired, and thus, M.P.H. Holdings is not now entitled to distribution of the proceeds from Jay Specter's father's estate.

Judgments are enforced through writs of execution. Rule 69, SCRCP. Executions may issue upon a final judgment "at any time within ten years from the date of the original entry thereof." S.C.Code Ann. § 15–39–30 (2005); *see Home Port Rentals, Inc. v. Moore,* 359 S.C. 230, 234, 597 S.E.2d 810, 812 (Ct.App.2004) (noting that the statutory ten-year enforcement period cannot be tolled, and thus the judgment is "utterly

extinguished" ten years from the date of the entry of judgment), *cert. granted* (Sept. 22, 2005).

The Specters are correct in asserting that the ten-year enforcement period expired on September 30, 2004. However, the master issued an order on September 23, 2004, directing the personal representative of Paul Specter's estate to distribute Jay Specter's interest to M.P.H. Holdings. The Specters filed their notice of appeal on September 27, 2004. Thus, the order transferring Specter's inheritance and the Specters' notice of appeal were both filed prior to the expiration of the judgment. The issue of whether the judgment had expired was never raised to the master prior to the filing of the Specters' appeal. Thus, this matter is being raised for the first time on appeal. Because the issue was not raised to or ruled upon by the master, it is not preserved for appellate review. *Staubes*, 339 S.C. at 412, 529 S.E.2d at 546.

### C. November 8, 2004 restraining order

■ The Specters argue the duration of the judgment could not have been extended by the November 8, 2004 restraining order because it was filed over thirty days after the September 30, 2004 expiration of the judgment. Thus, they argue, it was error for the master to issue the restraining order, and the order should be "cancelled."

The Specters' notice of appeal, filed September 27, 2004, indicates they were only appealing from the master's September 23, 2004 order. Therefore, any concerns regarding the November 8, 2004 restraining order are not before this court. Further, the record does not indicate that the issue of whether the restraining order would improperly extend the duration of the judgment was ever raised before or ruled upon by the master. Because this issue is raised for the first time on appeal, it is not properly preserved for appellate review. *Staubes*, 339 S.C. at 412, 529 S.E.2d at 546.

### II. Standing (Issue 1)

The Specters argue it was improper for M.P.H. Holdings, a dissolved corporation, to maintain the supplemental action in South Carolina against them because it no longer had a certificate of authority from the Secretary of State.

Foreign corporations seeking to conduct business in this state must obtain a certificate of authority from the Secretary of State. S.C.Code Ann. § 33-15-103 (1990 & Supp.2004) (outlining the procedures for obtaining a certificate of authority); S.C.Code Ann. § 33-15-105(a) (1990) (noting that a certificate of authority allows a foreign corporation to transact business in this state). A foreign corporation may withdraw from conducting business in this state by obtaining a certificate of withdrawal from the Secretary of State. S.C.Code Ann. § 33-15-200 (1990). However, corporations that do not have a certificate of authority may not initiate proceedings in the courts of this state until a certificate of authority is obtained. *See* S.C.Code Ann. § 33-15-102(a), (e) (1990) (noting that a foreign corporation may not initiate a judicial proceeding in this state without a certificate of authority, but this requirement does not prevent a foreign corporation from defending an action in this state). Nevertheless, a dissolved corporation may continue to conduct limited business as necessary to collect its assets. *See* S.C.Code Ann. § 33-14-105(a)(1) (1990) ("A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business affairs, including ... collecting its assets...."). Dissolved corporations must wind up business affairs as "expeditiously as possible." S.C.Code Ann. § 33-14-105(b) (1990).

M.P.H. Holdings applied to surrender its authority to do business in South Carolina on June 28, 2002. The corporation also issued its certificate of dissolution on July 30, 2002. M.P.H. initiated the supplemental proceeding on August 25, 2004, two years after dissolution. Nothing in the record indicates that M.P.H. Holdings applied for another certificate of authority.

At the September 23rd hearing, the Specters' attorney raised issues before the master concerning: (1) whether the supplemental proceeding could be properly brought by M.P.H. Holdings, a dissolved corporation; (2) whether Bank One had standing where there was no indication that it was assigned M.P.H. Holdings' assets; or (3) whether the filing attorney had any authority to bring the supplemental action. In arguing the issue of whether M.P.H. Holdings had standing as a dissolved corporation to bring the action, the Specters' attor-

ney noted that South Carolina law provides dissolved corporations cannot bring actions in the state. The attorney submitted copies of the surrender of authority, and he noted that no one had made an application for a certificate of authority. The master noted that dissolved corporations could conduct business to collect their assets. The master later overruled the attorney's objections just prior to relieving him from his representation of the Specters due to a conflict. The master did not address whether M.P.H. Holdings had standing to bring the supplemental action or whether M.P.H. Holdings could maintain the action without a certificate of authority in the September 23, 2004 written order.

Initially, we note this issue appears to be preserved. Although the master referred to section 33–14–105 in his discussions with the attorneys, the Specters' attorney continued to argue the standing issue and specifically noted that no one had made an application for a certificate of authority. The master overruled the objections. Thus, despite the fact that the issue was not addressed by the written order, the issue was raised to and ruled upon by the master. *Staubes,* 339 S.C. at 412, 529 S.E.2d at 546 (noting that an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review).

As to the merits, we are troubled by the lack of evidence in the record regarding the authority of M.P.H. Holdings to initiate the supplemental proceedings. A plain reading of section 33–15–102(a) requires a foreign corporation to have a certificate of authority prior to initiating any action in this state. *See Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); *see also Chet Adams Co. v. James F. Pedersen Co.,* 307 S.C. 33, 37, 413 S.E.2d 827, 829 (1992) (holding the failure of a foreign corporation to obtain a certificate of authority prior to bringing an action to recover monies owed on an account affected the corporation's capacity to sue but did not affect the court's subject matter jurisdiction). Although the master referred to section 33–14–105 as allowing a dissolved corporation to pursue its assets, nothing in that section appears to indefinitely

relieve a dissolved foreign corporation from obtaining a certificate of authority prior to bringing actions in South Carolina courts pursuant to section 33–15–102(a). Because there was no evidence in the record that M.P.H. Holdings applied for another certificate of authority in order to initiate the supplemental proceedings, we agree with the Specters that the master erred in failing to find M.P.H. Holdings did not have standing to bring the underlying action.[5]

■ Further, we do not believe the action could have been properly maintained by Bank One, the alleged successor in interest. Certainly, a successor in interest may maintain a supplemental action to examine a judgment debtor in order to execute a judgment. *See* Rule 69, SCRCP (allowing a judgment creditor, or the "successor in interest when that interest appears of record," to examine judgment debtors in aid of execution of a judgment). However, the supplemental proceeding below was filed in the name of M.P.H. Holdings, not Bank One, no documents were produced evidencing that Bank One was the successor in interest, and nothing was produced to show that Bank One had a certificate of authority to bring an action in South Carolina. Moreover, section 33–15–102(a) would prohibit a successor in interest from maintaining an action without obtaining a certificate of authority.

Although M.P.H. Holdings' attorney asserted to the master that Bank One was the successor in interest, was the real entity bringing the action, and had a certificate of authority, there was no evidence presented to support these assertions. We find there was no evidence of record to support a finding that Bank One was the successor in interest with authority to initiate the supplemental proceedings below. Accordingly, the master erred in issuing the September 24, 2004 order.

### III. Attorney Authority (Issue 5)

■ The Specters argue that a law firm or its associates may not "bring an action . . . on behalf of a dissolved corpora-

---

5. Despite the master's reliance on section 33–14–105(a) as allowing a dissolved corporation to wind up its affairs, we note that the two year delay before M.P.H. Holdings brought the underlying action does not comport with the statutory mandate that winding up shall be accomplished as "expeditiously as possible." S.C.Code Ann. § 33–14–105(b) (1990).

tion that they knew was dissolved and then at trial claim that they ... were representing a third party not mentioned or referenced in the Petition or accompanying Affidavit...."

As discussed above, the attorney's affidavit filed in support of the underlying action alleged that she was the attorney for M.P.H. Holdings, the petitioner, in the request for the supplemental proceedings. Prior to being relieved, the Specters' attorney objected to going forward with the action merely on the representation of an attorney that there was an assignment of the judgment to Bank One. The Specters' attorney argued the action could not go forward because M.P.H. Holdings was a dissolved corporation and there was no evidence of an assignment. The master overruled the objection.

There is nothing in the record showing that Bank One was a successor in interest to this action or that the attorney represented Bank One. Thus, the record before us would indicate that the attorney filed the matter without authority from a client. *See Dunkley v. Shoemate*, 350 N.C. 573, 515 S.E.2d 442, 445 (1999) (finding the trial court erred in allowing a law firm to represent a client in a matter where the firm had no contact with the client and had not been authorized by the client to act on his behalf). Accordingly, we find the master erred in issuing the September 24, 2004 order when there was no indication that the moving attorney had proper authority to bring the action.

## CONCLUSION

There is no evidence in the record before us showing that M.P.H. Holdings had a certificate of authority to bring the underlying supplemental action, no evidence showing that Bank One was the successor in interest to M.P.H. Holdings with a certificate of authority to bring the action, and no evidence that the attorney was authorized to bring the supplemental proceedings. Accordingly, the master erred in issuing the September 24, 2004 order. The master's order is

**AFFIRMED IN PART and REVERSED IN PART.**

HEARN, C.J., and HUFF, J., concur.