653 S.E.2d 279

**The LINDA Mc COMPANY, INC., Respondent**

**v.**

**James G. SHORE and Jan Shore, Appellants.**

**No. 4279.**

Court of Appeals of South Carolina.

Heard June 5, 2007.

Decided July 26, 2007.

Withdrawn, Substituted and Refiled Nov. 2, 2007.

434

John Martin Foster, of Rock Hill, for Appellants.

James R. Snell, Jr., of Lexington, for Respondent.

KITTREDGE, J.:

James and Jan Shore (the Shores) appeal the issuance of an order to execute and levy a judgment against them. The

Shores contend the judgment was void, the judgment lacked active energy because it was more than ten years old, there was an accord and satisfaction of the debt, and the Linda Mc Company (the Company) should be estopped from denying the accord and satisfaction. We affirm.

## I.

On December 8, 1994, the Shores agreed to give the Company a judgment by confession (the Judgment) as settlement of litigation over unpaid sales commissions. The Judgment was entered on June 2, 1995, and provided in relevant part as follows:

1. [The Shores] confess judgment to [the Company] in the amount of $110,000.00 and hereby authorize the Clerk of Court for Lancaster County, South Carolina, to enter judgment in favor of [the Company] against [the Shores], jointly and severally, for such amount, plus such costs and reasonable attorneys' fees incurred by [the Company] in enforcing the unconditional guaranty, a copy of which is attached hereto as Exhibit 1 (the "Guaranty").... 

2. [The Shores] agree that [the Company] may immediately, by affidavit through its attorneys, set forth the correct amount of this Judgment by adjusting the amount stated above for any credits previously applied by [the Company], and that [the Company] may apply to a court of competent jurisdiction for a judgment against [the Shores], jointly and severally, in the amount of the total sum due and owing hereunder, plus costs and reasonable attorneys' fees incurred by [the Company] in enforcing the Guaranty, without further notice to [the Shores] and without further authority from [the Shores]; provided, however, that in no event may said sum exceed $110,000.00, plus costs and reasonable attorneys' fees incurred by [the Company] in enforcing the Guaranty. [The Shores] authorize the entry of judgment for the amount due and owing as set out in the affidavit, which judgment will continue to bear interest at the highest legal rate permitted by law. The Judgment by Confession is not contingent upon any other considerations or proceedings and the Court is authorized to enter judgment for the amount set forth in the affidavit.

Sometime after the Judgment was entered, the Shores paid the Company $55,000. On February 20, 2004, the Company wrote a letter (the Agreement) to the Shores wherein it agreed to waive all post-judgment interest if the Company received the remaining $55,000 before May 7, 2004. The Shores paid the Company $26,750 by check dated May 13, 2004.

The sheriff sought to execute on the Judgment, but as is customary, the execution was returned nulla bona.[1] On July 29, 2004, the Company filed a petition for supplemental proceedings. The Company countered that the Shores possessed assets subject to execution on the Judgment. On August 3, 2004, the Shores issued a check to the Company in the amount of $28,500. The trial court granted the Company's petition for supplemental proceedings on August 9, 2004, and referred the matter to a special referee.

On October 1, 2004, the referee conducted a hearing to determine whether the Shores had any assets that could be used to satisfy the remaining balance on the Judgment. Prior to the hearing, the Shores filed a motion to dismiss under Rule 12(b)(1), SCRCP, asserting in part that the Judgment was void for lack of an affidavit. The motion was denied on December 1, 2004, as the referee concluded the Judgment was valid and enforceable.

On May 24, 2005, the referee conducted an additional hearing at which the Shores asserted the Agreement had been modified by a phone message Jan left at the Company's attorney's office. This phone message, according to the Shores, constituted an accord and satisfaction of the debt. In particular, Jan testified that in May 2004 she left the Company's attorney two messages explaining the Shores were sending half of the amount due and "if there was any problem with that" to call her and she would "get the other half put together." In the message, she also stated she would pay the outstanding amount at the end of the next quarter, meaning July or August. Additionally, the Shores introduced their phone records showing a call lasting two minutes was placed

---

1. Nulla bona is "a form of return by a sheriff or constable upon an execution when the judgment debtor has no seizable property within the jurisdiction." *Black's Law Dictionary* 1095 (7th ed. 1999).

to the Company's attorney on May 13, 2004. The Company's attorney testified that although his secretary checked and logged his messages, she would often not include the content of the messages. He recalled receiving a couple of phone calls from the Shores but did not know what they were about and never called the Shores back.

The Judgment was subject to execution and levy until June 2, 2005. On June 3, 2005, the referee issued his report to the circuit court finding there had been no accord and satisfaction. The referee also found the Shores owed interest outstanding from the entry of the Judgment to date, as well as costs and attorney's fees. On the same day, June 3, the circuit court issued an order to execute and levy. The Shores did not raise the matter of the Judgment's expiration in the trial court. On June 24, 2005, three weeks after the Judgment expired, the Shores filed a notice of appeal.

## II.

### A. Validity of the Judgment

The Shores argue that because the Company failed to follow the terms of paragraph 2 in the Judgment to fix the amount of Judgment by affidavit, its filing was void and the court was without jurisdiction. We disagree.

■ The Judgment complies with the statutory requirements of section 15–35–360 of the South Carolina Code (2005). This section provides:

> Before a judgment by confession shall be entered a statement in writing must be made and signed by the defendant and verified by his oath to the following effect: (1) It must state the amount for which judgment may be entered and authorize the entry of judgment therefor; (2) If it be for the money due or to become due, it must state concisely the facts out of which it arose and must show that the sum confessed therefor is justly due or to become due; and (3) If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability and must show that the sum confessed therefor does not exceed the liability.

The Judgment sets forth that the Shores owe "$110,000, plus costs and reasonable attorney's fees incurred by Plaintiff in enforcing the Guaranty." The Judgment was made in writing and signed by the Shores and verified by their oath. Post-judgment interest accrued as a matter of law. The Judgment satisfies the statutory requirements.

The Shores' argument centers on the fact that the Company never filed the affidavit setting forth the amount of Judgment specified in paragraph 2 of the Judgment. The language pertaining to the affidavit, however, is permissive and not mandatory; it states an affidavit *may* be filed. Further, the failure to file the affidavit does not render the Judgment void as contemplated by Rule 60(b)(4), SCRCP. Rule 60(b)(4) provides the court may relieve a party or his legal representative from a final judgment, order, or proceeding if the judgment is void. "The definition of 'void' under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *McDaniel v. U.S. Fid. Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996). The absence of an affidavit has no bearing on the subject matter jurisdiction of the court. The referee properly concluded that the Judgment was not void.

## B. Filing of Judgment Within Ten Years

The Shores argue because the ten-year period expired on June 2, 2005, section 15–39–30 deprives the Judgment of active energy, thereby rendering the June 3, 2005 order ineffective. This argument was not presented to the trial court, and we find the issue is not preserved for appellate review. *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court."); *Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 510–11, 598 S.E.2d 712, 715 (2004) ("It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.").

Application of issue preservation principles may appear harsh under these circumstances, for the Shores' ability to challenge the ten-year limitation period did not arise until the statutory period ran on June 2, 2005. Yet the Shores had the opportunity to raise the defense in a motion to amend their pleadings or a motion to alter, amend or vacate and did not do so.

We believe this court's opinion in *LaRosa v. Johnston*, 328 S.C. 293, 493 S.E.2d 100 (Ct.App.1997), requires us to dispose of this challenge on issue preservation principles.[2] In *LaRosa*, the judgment was entered on March 11, 1986. 328 S.C. at 295, 493 S.E.2d at 101. Supplemental proceedings were instituted prior to the expiration of the ten-year period set forth in section 15–39–30; however, the trial court signed an order in connection with collection of the judgment on March 15, 1996. *Id.* at 296, 493 S.E.2d at 101. The clerk filed the order on March 18, 1996. *Id.* As we observed, "Starting on March 11, 1986, the judgment was good until March 11, 1996." 328 S.C. at 297, 493 S.E.2d at 102. Following the March 18, 1996 order, Johnston moved to "alter, amend, and vacate [the trial court's order], because LaRosa's judgment against Johnston expired on March 11, 1996—ten years after the judgment was filed." *Id.* at 296, 493 S.E.2d at 101. The trial court denied the motion and we reversed, holding the judgment expired on March 11, 1996. *Id.* at 300, 493 S.E.2d at 103.

It appears that LaRosa objected to the court considering a defense not included in the pleadings. We rejected LaRosa's argument: "When the judgment expired, Johnston acquired a statutory defense that had previously been unavailable. We are not going to penalize Johnston for failing to raise a defense which she could not have raised." *Id.* at 297, 493

---

2. *A Fast Photo Express, Inc. v. First National Bank of Chicago*, 369 S.C. 80, 630 S.E.2d 285 (Ct.App.2006), further buttresses our decision. In *A Fast Photo Express*, the judgment against the appellants expired on September 30, 2004. 369 S.C. at 86, 630 S.E.2d at 288. An order, however, was issued by the master on September 23, 2004. *Id.* Appellants filed their notice of appeal prior to the expiration of the judgment on September 27, 2004. *Id.* This court did not reach the merits, and held that because "the issue of whether the judgment had expired was never raised to the master prior to the filing of the [appellant's] appeal," and the appellants raised the issue for the first time on appeal, the matter was not preserved. *Id.*

S.E.2d at 102. The point is that Johnston *did* assert the statutory defense as soon as it became available by way of a motion to alter. Because the statutory defense was brought to the trial court's attention as soon as the defense became available, the trial court addressed the very issue that was subsequently challenged on appeal.

At oral argument, the Shores took the position that the expiration of ten-year time limit on judgments impacts subject matter jurisdiction. Thus, according to the Shores, this issue may be raised at any time—even for the first time on appeal. The Shores do not, however, cite authority for this argument. We can find no South Carolina case law to support the Shores' argument that this is an issue of subject matter jurisdiction, and this court in *LaRosa* and *A Fast Photo Express* certainly did not treat the ten-year time limit on judgments in section 15–39–30 as jurisdictional.

We find further support for our holding today in a recent decision from our supreme court. In *Lever v. Lighting Galleries, Inc.*, 374 S.C. 30, 31, 647 S.E.2d 214, 215 (2007), Lever borrowed money from Lighting Galleries in 1988. The debt was secured by a Note, together with a mortgage on property Lever owned in Aiken County. *Id.* When Lever failed to pay Lighting Galleries in accordance with the parties' agreement, Lighting Galleries brought suit on the note and obtained a judgment in April 1989. *Id.* "Lighting Galleries was unable to collect on its judgment, which expired ten years later, in April 1999." *Id.* at 32, 647 S.E.2d at 215. After the judgment lien's expiration, Lever brought an action arguing that the expired judgment on the note barred a foreclosure action. *Id.* at 32, 647 S.E.2d at 215–16. The court rejected Lever's argument: "We hold that Lighting Galleries may pursue a foreclosure action notwithstanding its judgment against Lever was extinguished by virtue of the statute of limitations." *Id.* at 36, 647 S.E.2d at 218. Thus, our supreme court construes the ten-year time limit on judgments in section 15–39–30 as a statute of limitations.

 This appears to be the prevailing law across the country, for in our research, we have found that other jurisdictions treat enactments similar to section 15–39–30 as statutes of limitations on judgments. *See* 47 Am.Jur.2d. *Judgments*

§ 781 (2006) ("A judgment creditor generally has the right to bring an action on the judgment at any time after its rendition, until barred by an applicable statute of limitations."); *see also, e.g., Elliott v. Estate of Elliott,* 163 N.C.App. 577, 596 S.E.2d 819, 821 (2004) ("North Carolina imposes a ten-year statute of limitations upon the enforcement of a judgment or decree of any court of the United States."); *Allied Funding v. Huemmer,* 96 Md.App. 759, 626 A.2d 1055, 1060–61 (Ct. Spec.App.1993) (holding the twelve-year "statute of limitations" began to run when the confessed judgment was entered and barred a subsequent suit); *Cottrill v. Cottrill,* 219 W.Va. 51, 631 S.E.2d 609, 612–13 (2006) (noting a statutory requirement to execute a judgment within a ten-year period is a "statute of limitations" and, therefore, an affirmative defense). Because section 15–39–30 operates as a statute of limitations, it constitutes a matter of avoidance under Rule 8(c), SCRCP, and must be raised in the trial court when the defense becomes available.

In the case before us, the Shores never raised this statutory defense to the trial court by way of a motion to alter, amend, vacate or otherwise. Consequently, we conclude the Shores' newly asserted defense under section 15–39–30 is not preserved for appellate review. We understand that our ruling allows the underlying judgment to have active energy beyond the ten-year statutory period, but our rejection of the Shores' subject matter jurisdiction argument and the concomitant application of issue preservation principles compels the result we reach today.

## C. Accord and Satisfaction

The Shores maintain because the Company was aware of the Shore's proposal to modify the Agreement, the referee erred in finding there was no accord and satisfaction. We disagree.

An accord and satisfaction occurs when there is: (1) an agreement to accept in discharge of an obligation something different from that which the creditor is claiming or is entitled to receive; and (2) payment of the consideration expressed in the new agreement. *Tremont Constr. Co. v. Dunlap,* 310 S.C. 180, 182, 425 S.E.2d 792, 793 (Ct.App.1992).

Like any contract, an accord and satisfaction requires a meeting of the minds. *Keels v. Pierce*, 315 S.C. 339, 343, 433 S.E.2d 902, 905 (Ct.App.1993). The debtor must intend and make unmistakably clear the payment tendered fully satisfies the creditor's demand and the creditor must accept payment with the intention that it will operate as a satisfaction. *Tremont Constr. Co.*, 310 S.C. at 182, 425 S.E.2d at 793. Without an agreement to discharge the obligation there can be no accord, and without an accord there can be no satisfaction. *Id.*

■ The Shores contend the Agreement and subsequent cashing of the late check created an accord and satisfaction of the debt. They further maintain the phone messages left by Jan modified the Agreement to allow for the remaining payment to be late. The referee found there was no meeting of the minds. The referee further found the Shores did not comply with the terms of the Agreement because the Shores made the outstanding $55,000.00 payment after the date called for in the Agreement. As a result, the referee found there was no accord and satisfaction. We find no error by the referee in this regard.

### D. Estoppel

■ The Shores argue the Company had a duty to respond to the Shores' proposal to modify the Agreement and failing that duty the Company is estopped from denying the modification of the Agreement. This argument was neither presented to nor addressed by the trial court. Consequently, it is not preserved for review on appeal. *In re Michael H.*, 360 S.C. at 546, 602 S.E.2d at 732; *Lucas*, 359 S.C. at 510–11, 598 S.E.2d at 715.

### III.

For the reasons stated above, the order of the trial court is **AFFIRMED.**

HEARN, C.J., and CURETON, A.J., concur.